E-filing

MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
E-mail:  mriechert@morganlewis.com

Attorneys for Defendants
BEST BUY STORES, L.P. and BEST BUY CO.
INC.

ORIGINAL
FILED
NOV 13 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ADR

C07-05741

| | |
|---|---|
| SCOTT BRYNING,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BEST BUY, CO., INC., a Minnesota<br>Corporation doing business in California as<br>MN BEST BUY CO., INC.; BEST BUY<br>STORES, L.P., a Virginia Limited<br>Partnership, and DOES 1 through 20,<br>inclusive,<br><br>                    Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendants Best Buy Stores, L.P. and Best Buy, Co.,

Inc. submit this Notice of Removal and, pursuant to 28 U.S.C. section 1441(b), hereby remove

this action.  In support of this removal, Defendants states as follows:

1.      On September 17, 2007, the Complaint was filed in the Superior Court of the State

of California, County of Alameda.  A true and correct copy of the Complaint served on Defendant

Best Buy Co. Inc. is attached hereto as Exhibit A.  Service of the Complaint upon Defendant Best

Buy Co. Inc. was effectuated on October 16, 2007, the date said Defendant was served with a

1    Summons and a copy of the Complaint.  True and correct copies of the Summons and the Notice

2    of Service of Process are attached hereto as Exhibit B.

3          2.      On November 9, 2007, Defendants filed an Answer to the Complaint in the

4    Superior Court of California, County of Alameda, a true and correct copy of which is attached

5    hereto as Exhibit C.

6          3.      Pursuant to 28 U.S.C. section 1441(b), any civil action over which the district

7    courts of the United States have original jurisdiction may be removed from state to federal court.

8          4.      Jurisdiction.  This Court has original jurisdiction under 28 U.S.C. section 1332(a)

9    due to diversity of citizenship and amount in controversy:

10               a.      Complete diversity between the parties exists.  Plaintiff Scott Bryning, at

11    the time this action commenced, was and still is a resident of Alameda County, California.

12               b.      Defendant Best Buy Stores, L.P. is owned by BBC Property Co. and BBC

13    Investment Co. None of the limited or general partners of Defendant Best Buy Stores, L.P. are

14    citizens of California.  Defendant Best Buy Co. Inc. was and still is a corporation incorporated

15    under the laws of the State of Minnesota, with its principal place of business in the State of

16    Minnesota.

17               c.      The inclusion of "Doe" defendants in Plaintiff's state court Complaint has

18    no effect on removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998);

19    28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued

20    under fictitious names shall be disregarded).  In determining whether diversity of citizenship

21    exists, only the named defendants are considered.  *Id.*

22               d.      Defendant is informed and believes the amount in controversy exceeds the

23    sum or value of $75,000, exclusive of interest and costs.  Plaintiff alleges in his Complaint that

24    Defendant invaded his constitutional privacy rights and discharged him in violation of public

25    policy.  Plaintiff seeks to recover several categories of damages, including general and special

26    damages (including lost income, lost value of employee benefits, and diminished value of future

27    employment opportunities), punitive damages, costs of suit, attorneys' fees, interest, and other

28    relief the court may deem just and proper.  Were Plaintiff to prevail in this action, the amount of

1    these damages could exceed $75,000.

2        5.    This Notice of Removal is timely filed, pursuant to 28 U.S. section 1446, in that it

3    is filed within thirty (30) days from October 16, 2007, the date upon which service of the

4    Complaint was effectuated.  No previous Notice of Removal has been filed or made with this

5    court for the relief sought herein.

6

7    Dated: November ___9___, 2007                    MORGAN, LEWIS & BOCKIUS LLP

8

9                                    By _Melinda Riechert_

10                                    Melinda S. Riechert

11                                    Attorneys for Defendant
                                     BEST BUY STORES, L.P. and BEST
12                                    BUY CO. INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  William F. Adams, State Bar No. 65005
   WILLIAM F. ADAMS LAW OFFICES
2  4305 Hacienda Drive, Suite 370
   Pleasanton, CA 94588
3  (925) 734-0800
   (925) 734-0807 (fax)
4
   Attorneys for Plaintiff
5  SCOTT BRYNING

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 7 2007

CLERK OF THE SUPERIOR COURT
By Nikki Riley, Deputy

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                           FOR THE COUNTY OF ALAMEDA

9

10

11  SCOTT BRYNING,                          )  CASE NO.
                                            )
12         Plaintiff,                       )  COMPLAINT FOR DAMAGES
                                            )
13    v.                                    )  1.    TORTIOUS INVASION OF
                                            )        CONSTITUTIONAL PRIVACY
14                                          )        RIGHTS
    BEST BUY, CO., INC., a Minnesota        )
15  Corporation doing business in California as )  2.  TORTIOUS DISCHARGE IN
    MN BEST BUY CO., INC.; BEST BUY         )        VIOLATION OF PUBLIC
16  STORES, L.P., a Virginia Limited        )        POLICY
    Partnership, and DOES 1 through 20,     )
17  inclusive,                              )
                                            )
18         Defendants.                      )  JURY TRIAL REQUESTED
                                            )
19                                          )  UNLIMITED JURISDICTION
                                            )  DAMAGES OVER $25,000
20  _____)

21        1.      Plaintiff SCOTT BRYNING  during the relevant time periods was employed

22  by defendants in Alameda County, California.

23        2.      BRYNING is informed and believes, and thereon alleges, that defendant BEST

24  BUY CO., INC. is a Minnesota corporation that is doing business in California as MN BEST

25  BUY CO., INC. and maintains its principal offices in Richfield, Minnesota, and the facility

26  where plaintiff was employed in Dublin, California, a city in Alameda County, California.

27  BRYNING further alleges that the tortious conduct complained of herein occurred in Alameda

28

Complaint for Damages, Tortious Discharge

1   County, California.

2       3.    BRYNING is informed and believes, and thereon alleges, that defendant BEST

3   BUY STORES, L.P. is a Virginia limited partnership that maintains its principal offices in

4   Richfield, Minnesota, and the facility where plaintiff was employed in Dublin, California, a

5   city in Alameda County, California.

6       4.    Defendant BEST BUY CO., INC., doing business in California as MN BEST

7   BUY CO., INC. and Defendant BEST BUY STORES, L.P. are collectively referred to herein

8   as "BEST BUY."

9       5.    Defendants Does One through Twenty are sued under fictitious names pursuant

10  to Code of Civil Procedure § 474. Plaintiff is informed and believes, and on that basis alleges,

11  that each defendant sued under such fictitious names is in some manner responsible for the

12  wrongs and damages alleged herein, and in such action was functioning as the agent, servant,

13  partner, and employee of the co-defendants, and in doing the actions mentioned below was

14  acting within the course and scope of his or her authority as such agent, servant, partner, and

15  employee with the permission and consent of the co-defendants, and that BRYNING's

16  damages as alleged herein were proximately caused by said acts or omissions.

17      6.    BRYNING is unaware of the true names and capacities of defendants sued

18  herein as Does 1 through 20, inclusive, and therefore sues said defendants by such fictitious

19  names. BRYNING will amend her Complaint to allege the true names and capacities of said

20  defendants when the same have been ascertained.

21      7.    BRYNING is informed and believes, and thereon alleges, that at all times

22  relevant to this complaint, each of the defendants named in this complaint, including

23  defendants Does 1 through 20, inclusive, was the agent, servant, employee, director,

24  subsidiary, associate, aider and abetter, co-conspirator, partner, ratifier, and/alter ego of all of

25  the other defendants. Each defendant participated in some manner in the acts, omissions, or

26  conduct of each of the other defendants, and as such, each defendant is responsible for the acts

27  of all of the defendants. Each defendant acted as an agent for or alter ego of or in conspiracy

28  with or otherwise under the direction or control of each of the other defendants with regard to

Complaint for Damages, Tortious Discharge          -2-

1    the acts and omissions alleged in this complaint, and as such, is legally responsible for the acts

2    of all of the defendants.

## FIRST CAUSE OF ACTION
3    Tortious Invasion of Constitutional Privacy Rights
4    (Against Defendants BEST BUY and DOES 1 through 20)

5         8.    Plaintiff BRYNING realleges the contents of paragraphs 1 through 7 as though

6    fully set forth in this cause of action.

7         9.    Defendants' conduct as alleged herein constituted an invasion of plaintiff's

8    constitutional privacy rights.  Specifically, defendants acted in outrageous fashion in prying

9    into plaintiff's personal life away from work and that of his friends and associates without any

10    specific reason or justification.  Defendants were never in possession of any evidence that

11    plaintiff had violated any laws or company rules to justify any sort of privacy invasion. After

12    invading plaintiff's constitutional privacy rights, in order to intimidate other employees,

13    defendants further breached plaintiff's constitutional right of privacy by widely disseminating

14    to other employees – who had no reason to know the information – that plaintiff had been

15    discharged for theft. This statement placed plaintiff in a false light inasmuch as plaintiff was

16    not discharged for theft, but rather on false pretenses for an purported reason entirely unrelated

17    to theft.

18         10.    Plaintiff had a reasonable expectation of privacy concerning both the

19    information wrongfully sought and extracted from him about his activities away from work as

20    well as of the names of his  friends and associates.  Plaintiff had a further reasonable

21    expectation of privacy in connection with maintenance of confidentiality concerning the

22    disciplinary actions taken against plaintiff by defendants BEST BUY. Defendants BEST

23    BUY has no policy that even suggests that employees must give up any aspect of their right to

24    privacy concerning their activities while away from work or requiring disclosure of the names

25    of their friends and associates both at work and away from work.  Moreover, BEST BUY

26    policy calls for it to maintain confidentiality in personnel matters, especially matters of

27    employee discipline or termination.  Plaintiff had a reasonable expectation that personnel

28    and/or disciplinary matters involving him would be maintained in confidence, except for

1    carefully restricted disclosure to those few managerial employees within the BEST BUY

2    organization who had a business need to know that confidential personnel or disciplinary

3    information. Accordingly, defendants BEST BUY had no reason whatsoever to justify its

4    intrusive actions to coerce plaintiff into divulging his personal activities away from work and

5    his associational relationships or friendships both in and away from work. Specifically, there

6    was no Company policy requiring employees to disclose their activities, relationships, or

7    friendships with either co-workers or persons outside the workplace, or requiring reporting of

8    any such friendships/relationships to BEST BUY's management.

9        11.    BEST BUY's unwarranted gathering and dissemination of the personnel and

10    disciplinary information concerning plaintiff went far beyond that which might be necessary

11    for business purposes. While conducting its "investigation," defendants BEST BUY had no

12    reason to suspect that either plaintiff or any of his friends or associates had committed any

13    misconduct whatsoever at work or away from work.

14        12.    Plaintiff was queried by defendants' "investigators" about his person activities

15    away from work and further queried about the nature and degree of his personal/friendships

16    and associational relationships both in and away from work. The "investigation" by

17    defendants consisted essentially of making unwarranted inquiries of plaintiff about his

18    personal and private activities away from work and his private associational activities and

19    relationships, including the name and other information concerning his girl friend, as well as

20    his other friends and associates, presumably so that they could be harassed and intimidated as

21    well.

22        13.    Rather than conduct an investigation into any specific theft or other crime, the

23    investigation conducted by Martinez, a person known to plaintiff only as "Rich" in Human

24    Resources, and Jim Lenan was simply a random dragnet. Plaintiff was falsely "reassured" that

25    they were only interested in learning he might know about any thefts from certain locked

26    cabinets, even though Defendants knew from the outset that plaintiff had no key or any way of

27    accessing materials in those locked cabinets. Nevertheless, in order to encourage him to speak

28    freely, they told him that anything else he might discuss with them would not be held against

Complaint for Damages, Tortious Discharge         -4-

1  him.  They told this to plaintiff with the apparent purpose of tricking plaintiff into admitting to

2  any sort of misconduct for which he could then be disciplined or punished.

3      14.    Defendants also had a further purpose, and that was to appear to have gathered

4  negative and/or personal information about plaintiff that could later be publically disclosed

5  along with the details of plaintiff's discipline and discharge to hold plaintiff up as a scapegoat

6  and example of what can happen to those who steal from BEST BUY or who do not cooperate

7  in the dragnet investigations.  This was calculated to intimidate plaintiff's co-workers, and

8  was undertaken with knowledge, or at least reckless disregard, of the emotional damage this

9  cruel stunt would inflict upon plaintiff.  Defendants thereafter held plaintiff up to his co-

10  workers as an example of what would happen to them if they, too, were ever determined to be

11  involved in any misconduct.  Ironically, plaintiff did not confess to any crimes, misconduct, or

12  Company rules violations, because he had committed none, but that did not stop defendants'

13  "investigators" from terminating him for what they told his co-workers was "theft" and

14  publicly humiliating him, knowing at all material times that they were wrongly disseminating

15  such scurrilous charges without any factual basis.

16      15.    Defendants could have pursued any legitimate investigation of any real theft or

17  thefts discreetly without gathering or disclosing *any* personal or private information about

18  plaintiff, but instead chose unnecessarily to gather and thereafter publicize information about

19  plaintiff's alleged thievery and his termination for "theft" to essentially all of plaintiff's co-

20  workers, none of whom had a legitimate business need to know *any* of this sensitive,

21  embarrassing (and false) personal and private information about plaintiff.  This action was in

22  direct violation of defendant's internal personnel policies that called for strict non-

23  dissemination of employee performance and disciplinary information.  The informational

24  areas of defendants' intrusion into plaintiff's private matters and activities, together with the

25  widespread dissemination of personal information concerning plaintiff portraying him in a

26  false light fall well within the zones of informational and associational privacy protected by

27  the Constitution in Article I, section 1.

28      16.    Defendants' intrusion into plaintiff's personal and private life, together with

Complaint for Damages, Tortious Discharge        -5-

1  defendants' subsequent unwarranted and unnecessary publicity campaign to reveal that private

2  and personal information and widely disseminating private personnel information throughout

3  the workplace went far beyond anything that might reasonably be desirable or necessary to

4  determine if plaintiff had been involved in any actual "theft" activity, or had violated any

5  company business rules. Defendants' knew from the outset that there never were any such

6  Company rules purporting to limit or regulate employee off-duty conduct. Accordingly,

7  defendants' misconduct was perpetrated by Victor Martinez, "Rich" the District Human

8  Resources Manager, and Jim Lenan with the malicious intent of inflicting harm upon plaintiff.

9  That misconduct in making plaintiff the scapegoat of the purported investigation was

10  calculated to, and did harm plaintiff's career and his personal relationships, and despite the

11  severe financial impact upon plaintiff, plaintiff is informed and believes that the actions of the

12  so-called investigators was thereafter ratified and approved by defendants' executives,

13  managing agents, and legal representatives. Moreover, the conduct of defendants was wanton

14  and malicious, and not protected by any privilege.

15        17.    Plaintiff's right to be free of intrusive questioning by his employer concerning

16  the names and his personal relationships with his personal circle of friends and associates is

17  protected as among plaintiff's legally cognizable informational and autonomy privacy rights

18  under the California Constitution in Article I, section 1. Since there were no facts, employer

19  policies or legitimate interests that would justify coercing details of plaintiff's personal life or

20  his relationships with his friends and associates away from the workplace, plaintiff had a

21  legitimate expectation of privacy against forced disclosure to defendants concerning such

22  matters. Plaintiff also had a legitimate expectation that disciplinary matters affecting him

23  would be handled professionally and discreetly in a confidential manner, and that

24  dissemination of such confidential personnel information would be strictly limited to those in

25  the work place with a business need to know that information. Instead, all of plaintiff's

26  friends and co-workers were almost immediately thereafter made aware quite unnecessarily

27  that plaintiff had been fired, purportedly for "theft." Accordingly, defendants' privacy

28  intrusions were both extreme and entirely unnecessary.

Complaint for Damages, Tortious Discharge      -6-

18.    There was never any justifiable business need (compelling or otherwise) to inquire into, discover, or disseminate the details of plaintiff's personal life and/or his personal or associational relationships away from the workplace. Since defendants knew from the outset that there was no "theft ring," the so-called "investigation" was nothing more than a witch hunt that was crudely and outrageously conducted by means of physical and mental intimidation. Accordingly, there were less intrusive means to serve any countervailing interests of the employer, but the employer deliberately chose not to remain within the bounds of either reason or civility.

19.    Defendants' privacy invasions occurred in the context of other coercive tactics that also constituted extreme and outrageous conduct beyond anything that reasonably should be expected to take place in a work place investigation. The so-called investigators, despite a lack of evidence to suggest any wrongdoing by plaintiff, conducted two unreasonably long coercive interrogations of plaintiff amounting to approximately 4 ½ hours over a period two days. In the course of those interrogations plaintiff was baselessly accused of "grand theft," and he was threatened to be "put in jail for fraud." All along, the so-called investigators knew that plaintiff had no key or other means of accessing the locked cabinets where the alleged theft or thefts occurred. Further, there also was never any factual basis for suggesting that plaintiff could somehow gain access to the locked areas by any fraudulent means. Defendants BEST BUY sought to induce in plaintiff a fear that the local police authorities were aware that he had committed "grand theft," and that BEST BUY had the ability to have him arrested by the local police on this false, trumped-up charge. In the course of the interrogations, the so-called investigators made threats that plaintiff likely would suffer physical injury from the police if the matter were turned over to them. At one point in the first day of interrogation Mr. Martinez (whom plaintiff knew to be an ex-police officer) used an upper body feint with his fists raised in pugilistic fashion with a punch directed toward plaintiff that was pulled at the last second before it would have struck plaintiff. This action was intended and did create a fear in plaintiff that then or at any moment thereafter he would or could be the victim of actual punching Martinez. Martinez told plaintiff specifically that the Dublin Police Department was

1  a "rowdy bunch" and they would come and break down his door of his home, rough him up

2  and take him out of his house in handcuffs under arrest. Martinez knew that this threat would

3  induce substantial fear and concern in plaintiff even if he were innocent of any wrongdoing.

4  Specifically, Martinez was aware at the outset of the so-called investigation that plaintiff had

5  made career plans to become a law enforcement officer, and Martinez used that knowledge to

6  intimidate plaintiff by threatening actions that would likely ruin his future career. Martinez

7  told plaintiff that if he were not truthful to him he "knew people" who could make it

8  impossible for him to further his career plans in the law enforcement field.

9       20.    As a proximate result of defendants' actions against plaintiff, as alleged above,

10  plaintiff has been harmed in that plaintiff has suffered the loss of the salary, benefits, and

11  additional amounts of money plaintiff would have received if he had not been terminated from

12  his position. As a further proximate result of defendants' willful, knowing, and intentional

13  tortious conduct, plaintiff has suffered and continues to suffer severe humiliation, the

14  embarrassment and upset caused by the resulting lost and impaired friendships, shared stress

15  and lost respect and trust among his family members and between himself and his girl friend,

16  as well as worry, grief, shame, anger, nausea, emotional distress, shock to plaintiff's nervous

17  system, and mental and physical pain and anguish, all to his damage in a sum according to

18  proof. As a result of such extreme tortious conduct and consequent injury and harm, plaintiff

19  has suffered general and special damages in an amount according to proof, but well beyond

20  the jurisdictional minimum of this Court.

21       21.    The tortious actions alleged above, including the outrageous interrogation,

22  violation of plaintiff's constitutional informational and associational privacy rights, and

23  termination of plaintiff's employment, were all done with malice, fraud, and/or oppression,

24  and in reckless disregard of plaintiff's fundamental rights. As a result of this knowing,

25  intentional, unlawful and tortious conduct, plaintiff is entitled to an award of punitive damages

26  against all defendants, and each of them, in an amount according to proof. Plaintiff alleges on

27  information and belief that this outrageous misconduct was both approved in advance and

28  thereafter ratified by defendants' managing agents.

## SECOND CAUSE OF ACTION
### Tortious Discharge in Violation of Public Policy
### (Against Defendants BEST BUY and DOES 1 through 20)

22.    Plaintiff BRYNING realleges the contents of paragraphs 1 through 21 as though fully set forth in this cause of action.

23.    California's fundamental public policy bars employers from unreasonably invading the informational and associational constitutional privacy rights of employees and thereafter terminating those employees on the basis of the information supposedly learned via the unconstitutional privacy invasion.  California's fundamental public policy further prohibits employers from disseminating confidential employee information, including alleged reasons for an employee discharge to persons who have no legitimate business reason to know that information.  The fundamental public policies referenced herein are embodied directly in Article I, section 1 of the California Constitution, which was enacted by the voters of California to both deter and provide a remedy for misconduct of the very kind described in this Complaint.

24.    Contrary to the fundamental public policy embodied in Article I, section 1 of the California Constitution, defendants used outrageous means to coerce plaintiff into disclosing his personal activities away from work and the names of his friends and associates both at work and away from work.  These intrusions were undertaken by defendants even though they had no reason to believe that plaintiff was in any way involved in the alleged misconduct being "investigated."

25.    Defendants could have and should have used far less intrusive means to determine who, if anyone, was purportedly stealing from the locked cabinets that were the ostensible subject of the investigation.  Further, defendants had no business reason to broadly disseminate information to plaintiff's co-workers that plaintiff was a "thief," and had been discharged from his employment as a consequence of that determination, further violating plaintiff's right to have such allegations remain confidential to the greatest extent possible, and to be disseminated only to those BEST BUY officials with a business need to know that information about plaintiff.

26.    As a proximate result of defendants' actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the salary, benefits, and additional amounts of money plaintiff would have received if he had not been terminated from his position. As a further proximate result of defendants' willful, knowing, and intentional tortious conduct, plaintiff has suffered and continues to suffer severe humiliation, the embarrassment and upset caused by the resulting lost and impaired friendships, shared stress and lost respect and trust among his family members and between himself and his girl friend, as well as worry, grief, shame, anger, nausea, emotional distress, shock to plaintiff's nervous system, and mental and physical pain and anguish, all to his damage in a sum according to proof.

27.    The tortious actions alleged above, including the outrageous interrogation, violation of plaintiff's constitutional informational and associational privacy rights, and termination of plaintiff's employment, were all done with malice, fraud, and/or oppression, and in reckless disregard of plaintiff's fundamental rights. As a result of this knowing, intentional, unlawful and tortious conduct, plaintiff is entitled to an award of punitive damages against all defendants, and each of them, in an amount according to proof. Plaintiff alleges on information and belief that this outrageous misconduct was both approved in advance and thereafter ratified by defendants' managing agents.

### PRAYER FOR RELIEF

WHEREFORE plaintiff prays judgment against defendants, and each of them, as follows:

1.    For general and special damages, including lost income, and the lost value of employee benefits, and for the diminished value of plaintiff's future employment opportunities in an amount according to proof, but in excess of the jurisdictional minimum of this Court;

2.    For exemplary or punitive damages;

3.    For costs of suit incurred herein;

4.    For attorneys' fees;

5.    For accrued interest on liquidated sums at the legal rate; and

1        5.    For such other and further relief as the court may deem just and proper.

2    Dated:  September 17, 2007

3                         WILLIAM F. ADAMS LAW OFFICES

4

5                 By: _____

6                     William F. Adams
                 Attorneys for Plaintiff SCOTT BRYNING

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
10/16/2007
CT Log Number 512691896

|||||||||||||||||||||||||||||||||||||||||||||

**TO:**  Christine Fox
Best Buy Enterprise Services, Inc.
7601 Penn Avenue South
Richfield, MN 55423

**RE:**  **Process Served in California**

**FOR:**  Best Buy Co., Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Scott Bryning, Pltf. vs. Best Buy, Co., Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Alameda County, Oakland, Superior Court, CA<br>Case # 07346523 |
| **NATURE OF ACTION:** | Tortious Invasion - Tortious Discharge - By prying into plaintiffs personal life away from work |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/16/2007 at 09:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | William F. Adams<br>William F. Adams Law Offices<br>4305 Hacienda Drive #370<br>Pleasanton, CA 94588 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790852837110<br>Image SOP - Page(s): 13<br>Email Notification, Christine Fox commerciallitigation@bestbuy.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / WM

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEST BUY, CO., INC., a Minnesota Corporation doing business in
California as MN BEST BUY CO., INC.; BEST BUY STORES, L.P., a
Virginia Limited Partnership, and Does 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SCOTT BRYNING

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 7 2007

CLERK OF THE SUPERIOR COURT
By Nikki Riley, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William F. Adams, William F. Adams Law Offices, 4305 Hacienda Drive #370, Pleasanton, CA  94588
925-734-0800

DATE: SEP 1 7 2007    PAT SWEETEN EXECUTIVE OFFICE/CLERK    Clerk, by ___NIKKI RILEY___, Deputy
*(Fecha)*                                                    *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Best Buy Co. Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10-16-07

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.    www.USCourtForms.com

# EXHIBIT C

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
4  Fax:  650.843.4001

5  Attorneys for Defendants
   BEST BUY STORES, L.P. AND
6  BEST BUY, CO., INC.

**ENDORSED**
**FILED**
ALAMEDA COUNTY

NOV 0 9 2007

CLERK OF THE SUPERIOR COURT

By _____ M. Hayes
Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11  SCOTT BRYNING,                          Case No. RG07346523

12              Plaintiff,                   **DEFENDANTS' ANSWER TO PLAINTIFF**
                                             **SCOTT BRYNING'S COMPLAINT**
13       vs.

14  BEST BUY, CO., INC., a Minnesota
    Corporation doing business in California as        **BY FAX**
15  MN BEST BUY CO., INC.; BEST BUY
    STORES, L.P., a Virginia Limited
16  Partnership, and DOES 1 through 20,
    inclusive,
17
                Defendants.
18

19         Defendants Best Buy Stores, L.P. and Best Buy Co. Inc. ("Defendants"), by and through

20  its undersigned counsel, hereby answer the allegations contained in Plaintiff Scott Bryning's

21  ("Plaintiff") Complaint ("Complaint") as follows:

22         **GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT**

23         Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants

24  denies, generally and specifically, each, every and all material allegations of the Complaint, each

25  and every purported cause of action set forth therein, and the whole thereof; Defendants further

26  denies that Plaintiff has been damaged in any sum or sums, or at all, or that Plaintiff has suffered,

27  incurred or will suffer or incur any injury, damage or loss by reason of any act, omission to act, or

28  any conduct, whether negligent, intentional or otherwise, on the part of Defendants, and its agents

GAN, LEWIS &
OCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3671072.2                                1                        Case No. RG07346523

DEFENDANTS' ANSWER TO PLAINTIFF SCOTT BRYNING'S COMPLAINT

or employees.

WHEREFORE, Defendants prays for judgment as hereinafter set forth:

## AFFIRMATIVE DEFENSES

As separate and independent affirmative defenses to each cause of action in Plaintiff's Complaint, Defendants alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     Plaintiff is barred from recovery because the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure Section 340.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3.     Plaintiff is estopped from maintaining his action, or recovering anything from Defendants, because of his own wrongful conduct.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4.     Plaintiff is barred from any recovery on any claim in this action because the injuries suffered by Plaintiff, if any, are the result of his own unclean hands or wrongful conduct.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

5.     Plaintiff is barred from any recovery in this action because he has failed to act reasonably to mitigate his alleged damages, if any.

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3671072.2                                2                         Case No. RG07346523

DEFENDANTS' ANSWER TO PLAINTIFF SCOTT BRYNING'S COMPLAINT

1

2

## SIXTH AFFIRMATIVE DEFENSE
### (Constitutional Limit on Punitive Damages)

3    6.    Plaintiff's claims for punitive damages are barred by the Contract Clause (Article

4  I, Section 10, Clause 1), the Due Process Clause (Fifth Amendment, Fourteenth Amendment,

5  Section 1), and the Excessive Fines Clause (Eight Amendment) of the United States Constitution

6  and/or the corresponding provisions of the California Constitution.

7

## SEVENTH AFFIRMATIVE DEFENSE
### (Improper Party)

8

9    7.    Defendants Best Buy Co, Inc is not the plaintiff's employer and accordingly is not

10  a proper party to this action

11

## EIGHTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

12

13    8.    To the extent during the course of this litigation Defendants acquires any evidence

14  of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and

15  conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

16  disciplined, or terminated, such after acquired evidence shall bar Plaintiff on liability or damages

17  or shall reduce such claims as provided by law.

18    WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

19    1.    That Plaintiff take nothing by virtue of his Complaint in this action and that the

20  Complaint be dismissed with prejudice;

21    2.    That judgment be entered in favor of Defendants;

22    3.    For Defendants' costs of suit incurred herein;

23    5.    For such other and further relief as the Court may deem just and proper.

24  Dated: November 9, 2007                MORGAN, LEWIS & BOCKIUS LLP

25                                          By *Melinda Riechert*

26                                          Melinda S. Riechert

27                                          Attorneys for Defendants BEST BUY
                                            STORES, L.P. and BEST BUY CO. INC

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3671072.2                    3                    Case No. RG07346523

DEFENDANTS' ANSWER TO PLAINTIFF SCOTT BRYNING'S COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, California  94306-2122.

On November 9, 2007, I served the within document(s):

    **DEFENDANTS' ANSWER TO PLAINTIFF SCOTT**
    **BRYNING'S COMPLAINT**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

William F. Adams, Esq.          **ATTORNEYS FOR PLAINTIFF**
WILLIAM F. ADAMS LAW
OFFICES
4305 Hacienda Drive, Suite 370
Pleasanton, CA 94588
Fax: (925) 734-0807

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 9, 2007, at Palo Alto, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____
           Richard Jackson III

ORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3674977.1

RG07346523