1

## **ATTACHMENT A**

2

CIVIL COVER SHEET;

3

NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES MAGISTRATE JUDGE FOR
TRIAL;

4

5

ECF REGISTRATION INFORMATION HANDOUT;

6

ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR
DEADLINES;

7

STANDING ORDER FOR CIVIL PRACTICE IN CASES ASSIGNED FOR ALL PURPOSES
TO MAGISTRATE JUDGE EDWARD M. CHEN;

8

9

ADR DISPUTE RESOLUTION PROCEDURES IN THE NORTHERN DISTRICT OF
CALIFORNIA;

10

INSTRUCTIONS FOR COMPLETION OF ADR FORMS REGARDING SELECTION OF AN
ADR PROCESS (ADR L.R. 3-5; [BLANK] NOTICE OF NEED FOR ADR PHONE
CONFERENCE [ADR L.R. 3-5]; [BLANK] STIPULATION AND [PROPOSED] ORDER
SELECTING ADR PROCESS; [BLANK] ADR CERTIFICATION BY PARTIES AND
COUNSEL;

11

12

13

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA
– CONTENTS OF JOINT CASE MANAGEMENT STATEMENT;

14

15

[BLANK] NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF
SUMMONS;

16

[BLANK] WAIVER OF SERVICE OF SUMMONS;

17

[BLANK] CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE;

18

[BLANK] DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND
REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE;

19

20

WELCOME TO THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA;

21

DEFENDANTS' CERTIFICATION OF INTERESTED PARTIES;

22

DEFENDANTS' DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. 7.1; and

23

NOTICE OF RELATED CASES

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3673490.1

CERTIFICATE OF FILING AND SERVICE
CASE NO. C 07-05741 EMC

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

e JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **(a) PLAINTIFFS**<br>SCOTT BRYNING | **DEFENDANTS**<br>BEST BUY, CO., INC., a Minnesota Corporation doing business in California as MN BEST BUY CO., INC.; BEST BUY STORES, L.P., a Virginia Limited Partnership, and DOES 1 through 20, inclusive; |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff   Alameda, CA<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Richfield, MN<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>William F. Adams, State Bar No. 65005<br>WILLIAM F. ADAMS LAW OFFICES<br>4305 Hacienda Drive, Suite 370<br>Pleasanton, CA 94588<br>(925) 734-0800 | Attorneys (If Known)<br>MELINDA S. RIECHERT, State Bar No. 65504<br>MORGAN, LEWIS & BOCKIUS LLP<br>Two Palo Alto Square, 3000 El Camino Real, Suite 700<br>Palo Alto, CA 94306<br>(650) 843-4000 |

**BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury - Med. Malpractice<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark<br><br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS - Third Party 26 USC 7609 | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Sat TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[X] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 440 Other Civil Rights | [ ] 510 Motion to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | | | |

**ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1441(b) (diversity)

Brief description of cause:

**I. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint:
- [X] CHECK YES only if demanded in complaint
- JURY DEMAND: [X] Yes   [ ] No

**II. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

| DATE<br>November 9, 2007 | SIGNATURE OF ATTORNEY OF RECORD<br>*Melinda Riechert* | MELINDA S. RIECHERT, SBN 65504 |
|---|---|---|

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

C07-05741 EMC ADR

**NOTICE OF ASSIGNMENT OF CASE**

**TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

EDWARD M. CHEN     .

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

CYNTHIA LENAHAN

By: Deputy Clerk

MagAssnNtc-2-03.wpd

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you must (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all parties in** the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges].**

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ].**

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

          Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov,** please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**ORIGINAL FILED**

NOV 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

SCOTT BRYNING,

            Plaintiff (s),

    v.

BEST BUY, CO. INC.,

            Defendant(s).

No. C 07-05741 EMC

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 11/13/2007 | Notice of removal filed | |
| 1/30/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 2/13/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 2/20/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom C,15th Floor,SF at 1:30 PM | Civil L.R. 16-10 |

\*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/6/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

**A.     STANDING ORDER RE MOTIONS AND CONFERENCES**

1.     Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.     Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.     In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.     All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.     Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.     **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's**

**Office that has already been filed electronically. A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.** With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

7.     The Court can no longer supply a court reporter. If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.


**B.     STANDING ORDER RE DISCOVERY DISPUTES**

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

8.     Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

9.     Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3. The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

10.     Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.


PRODUCTION OF DOCUMENTS

11.     In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.  It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.     In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.     Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege.  *See* Fed. R. Civ. P. 26(b)(5).  No generalized claims of privilege or work product protection shall be permitted.  With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication.  Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.     To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.     As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.     Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.     Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places.  Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.     Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.     Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.
copy.

_____
Edward M. Chen
United States Magistrate Judge



# Dispute Resolution Procedures

in the
Northern District
of California

# United States District Court



Revised 12/05

✪ Printed on recycled paper

# Table of Contents

**Why does the court offer ADR?**.................................................................2
A Message from the Judges of the U.S. District Court

**How can ADR help in my case?**.............................................................4

**Which ADR processes does the court offer?**.......................................6
Arbitration...................................................................................................6
Early Neutral Evaluation..........................................................................9
Mediation....................................................................................................12
Settlement Conferences............................................................................14
Other ADR Processes................................................................................16

**Which is the most suitable ADR process for my case?**....................17
Chart............................................................................................................18

**What else do I need to know?** ..............................................................20
Questions and Answers regarding:
      The ADR Multi-Option Program
      Procedures and timing for referring cases to ADR
      Concerns about ADR

**Where can I get more information?**.....................................................24

1



# Why Does the court offer ADR?

**A Message from the Judges of the U.S. District Court**

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly and efficiently as possible. The cases filed in our court present a wide range of issues and circumstances. No single process can be expected to meet the needs of all of these cases.

While traditional litigation can serve parties' interests well in some situations, many cases have needs that can be better met through other procedures. We offer a wide selection of non-binding alternative dispute resolution (ADR) options–each of which provides different kinds of services–so that parties can use the procedure that best fits the particular circumstances of their case.

As discussed in the following pages, ADR processes can offer numerous advantages over both formal litigation and direct negotiations between the parties. In contrast to formal litigation and direct negotiations, ADR procedures may lead to resolutions that are:

- faster
- less expensive
- more creative
- better tailored to all parties' underlying interests

We urge you to consider using an ADR process in any civil case, at any time. The court's professional ADR staff, which includes attorneys with expertise in ADR procedures, is available to help you select a suitable option or to customize an ADR procedure to meet your needs. Our ADR processes, which are governed by the court's ADR Local Rules, are available in every civil case.

**This handbook informs you about:**

- the benefits of ADR
- available ADR options
- selecting an appropriate ADR process
- procedures in ADR programs

2

To help ensure that you make informed choices, the court requires, under Civil Local Rule 16, that every attorney and client certify that they have read this handbook and considered the ADR options. Reading this handbook is not a substitute for understanding the ADR Local Rules. Be sure to consult the rules when selecting and participating in an ADR process.

We have committed substantial resources to our ADR programs because we are confident that litigants who use them conscientiously can save significant money and time and will often obtain more satisfying results.


Vaughn R. Walker
Chief Judge
For all the Judges of the Court

3



# How can ADR help in my case?

Most cases can benefit in some way from ADR. The various ADR processes offer different types of benefits. Each ADR process offers at least some of the following advantages over traditional litigation or direct settlement negotiations.

## Produce more satisfying results

After litigating a case through trial, even the winners may feel they have lost. The costs and time commitment on both sides may be enormous. Sometimes neither side is satisfied with the result–and any relationship that may have existed between the parties is likely to have been severely strained. On the other hand, ADR may:

- help settle all or part of the dispute much sooner than trial
- permit a mutually acceptable solution that a court would not have the power to order
- save time and money
- preserve ongoing business or personal relationships
- increase satisfaction and thus result in a greater likelihood of a lasting resolution

## Allow more flexibility, control and participation

In formal litigation, the court is limited in the procedures it must follow and the remedies it may award–and submitting a case to a judge or jury can be extremely risky. ADR processes are more flexible and permit parties to participate more fully and in a wider range of ways. They afford parties more control by providing opportunities to:

- tailor the procedures used to seek a resolution
- broaden the interests taken into consideration
- fashion a business-driven or other creative solution that may not be available from the court
- protect confidentiality
- eliminate the risks of litigation

## Enable a better understanding of the case

In traditional litigation, sometimes the parties stop communicating directly–and it is only after a significant amount of time and expensive discovery or motions that the parties understand what is really in dispute. ADR can expedite the parties' access to information. It can also improve the quality of justice by helping the parties obtain a better understanding of their case early on. It may:

4



- provide an opportunity for clients to communicate their views directly and informally
- help parties get to the core of the case and identify the disputed issues
- enhance the parties' understanding of the relevant law and the strengths and weaknesses of their positions
- help parties agree to exchange key information directly

## Improve case management

Attorneys in litigation sometimes find it difficult, early in the case, to devise a cost-effective case management plan, reach stipulations or narrow the dispute. An ADR neutral can help parties:

- streamline discovery and motions
- narrow the issues in dispute and identify areas of agreement and disagreement
- reach factual and legal stipulations

## Reduce hostility

Due to its adversarial nature, litigation sometimes increases the level of hostility between sides, which can make communication more difficult and impede chances for settlement. In contrast, a trained ADR neutral can:

- improve the quality and tone of communication between parties
- decrease hostility between clients and between lawyers
- reduce the risk that parties will give up on settlement efforts

## WHEN ADR MAY NOT BE USEFUL

Although most cases can benefit in some way from ADR, some cases might be better handled without ADR. These include suits in which:

- a party seeks to establish precedent
- a dispositive motion requiring little preparation will probably succeed
- a party needs the protections of formal litigation
- a party prefers that a judge preside over all processes

If your dispute might benefit from one or more of the listed advantages, you should seriously consider trying ADR and give careful thought to selecting the most appropriate process for your case.

5

# Which ADR processes does the court offer?

## The court sponsors four major ADR processes:

- ▶ **Arbitration** (non-binding, or binding if all parties agree)

- ▶ **Early Neutral Evaluation**

- ▶ **Mediation**

- ▶ **Settlement Conferences** conducted by magistrate judges or district judges

Each of these programs is described separately in the next few pages. Please consult the ADR Local Rules for more information. The court's ADR staff will help parties customize an ADR process to meet their needs.

The court also makes available other dispute resolution processes and encourages parties to consider retaining the services of private sector ADR providers as discussed on page 16 and in ADR Local Rule 8-2.

## Arbitration

### Goal

The goal of court-sponsored arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The award (a proposed judgment) in a non-binding arbitration may either:

- ▶ become the judgment in the case if all parties accept it, or
- ▶ serve as a starting point for settlement discussions

### Process

At the election of the parties, either one arbitrator or a panel of three arbitrators presides at a hearing where the parties present evidence through documents, other exhibits and testimony. The application of the rules of evidence is relaxed somewhat in order to save time and money.

The process includes important, trial-like sources of discipline and creates good opportunities to assess the impact and credibility of key witnesses:

- ▶ parties may use subpoenas to compel witnesses to attend or present documents
- ▶ witnesses testify under oath, through direct and cross-examination

6

> ▸ the proceedings can be transcribed and testimony could, in some circumstances, be used later at trial for impeachment

Arbitrators apply the law to the facts of the case and issue a non-binding award on the merits. Arbitrators do not "split the difference" and do not conduct mediations or settlement negotiations.

## Preservation of right to trial

Either party may reject the non-binding award and request a trial *de novo* before the assigned judge, who will not know the content of the arbitration award. If no such demand is filed within the prescribed time, the award becomes the final judgment of the court and is not subject to appellate review. There is no penalty for demanding a trial *de novo* or for failing to obtain a judgment at trial that is more favorable than the arbitration award. Rejecting an arbitration award will not delay the trial date.

Parties may stipulate in advance to waive their right to seek a trial *de novo* and thereby commit themselves to be bound by the arbitration award.

## The neutral(s)

The court's ADR staff appoints an arbitrator (or, at the parties' option, a panel of three arbitrators) with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the arbitrator if they perceive a conflict of interest.

All arbitrators on the court's panel have the following qualifications:

- ▸ admission to the practice of law for at least ten years
- ▸ for at least five years, spent a minimum of 50 percent of professional time litigating or had substantial experience as an ADR neutral
- ▸ training by the court

## Attendance

Insurers of parties are strongly encouraged to attend the arbitration. The following individuals are required to attend:

- ▸ clients with knowledge of the facts
- ▸ the lead trial attorney for each party
- ▸ any witnesses compelled by subpoena

## Confidentiality

The arbitration award is not admissible at a subsequent trial *de novo*, unless the parties stipulate otherwise. The award itself is sealed upon filing and may not be disclosed to the assigned judge until the court has entered final judgment in the action or the action is otherwise

7

terminated. Recorded communications made during the arbitration may, for limited purposes, be admissible at a trial *de novo*. See 28 U.S.C. § 657(c)(3).

## Timing

An arbitration may be requested at any time. The hearing is generally held within 90 days after referral to arbitration. The hearing date is set by the arbitrator(s) after consultation with the parties.

## Written submissions

The parties exchange and submit written statements to the arbitrator(s) at least 10 days before the arbitration. The statements are not filed with the court

## Appropriate cases/circumstances

All civil cases are eligible. Cases that do not meet the criteria for permissive referral to arbitration as set forth in 28 U.S.C. § 654 may not be referred to arbitration unless all parties consent in writing. Cases with the following characteristics may be particularly appropriate for arbitration:

- only monetary (and not injunctive) relief is sought
- the complaint alleges personal injury, property damage or breach of contract
- the amount in controversy is less than $150,000
- the case turns on credibility of witnesses
- the case does not present complex or unusual legal issues

## Cost

There is no charge to the litigants.

## Governing rule

ADR Local Rule 4.

8

## Early Neutral Evaluation

### Goal

The goals of Early Neutral Evaluation (ENE) are to:

- enhance direct communication between the parties about their claims and supporting evidence
- provide an assessment of the merits of the case by a neutral expert
- provide a "reality check" for clients and lawyers
- identify and clarify the central issues in dispute
- assist with discovery and motion planning or with an informal exchange of key information
- facilitate settlement discussions, when requested by the parties

ENE aims to position the case for early resolution by settlement, dispositive motion or trial. It may serve as a cost-effective substitute for formal discovery and pretrial motions. Although settlement is not the major goal of ENE, the process can lead to settlement.

### Process

The evaluator, an experienced attorney with expertise in the subject matter of the case, hosts an informal meeting of clients and counsel at which the following occurs:

- each side–through counsel, clients or witnesses–presents the evidence and arguments supporting its case (without regard to the rules of evidence and without direct or cross-examination of witnesses)
- the evaluator identifies areas of agreement, clarifies and focuses the issues and encourages the parties to enter procedural and substantive stipulations
- the evaluator writes an evaluation in private that includes:
  - an estimate, where feasible, of the likelihood of liability and the dollar range of damages
  - an assessment of the relative strengths and weaknesses of each party's case
  - the reasoning that supports these assessments
- the evaluator offers to present the evaluation to the parties, who may then ask either to:
  - hear the evaluation (which must be presented if any party requests it), *or*
  - postpone hearing the evaluation to:
    - engage in settlement discussions facilitated by the evaluator, often in separate meetings with each side, *or*
    - conduct focused discovery or make additional disclosures

- if settlement discussions do not occur or do not resolve the case, the evaluator may:
  - help the parties devise a plan for sharing additional information and/or conducting the key discovery that will expeditiously equip them to enter meaningful settlement discussions or position the case for resolution by motion or trial
  - help the parties realistically assess litigation costs
  - determine whether some form of follow up to the session would contribute to case development or settlement

## Preservation of right to trial

The evaluator has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties' formal discovery, disclosure and motion practice rights are fully preserved. The confidential evaluation is non-binding and is not shared with the trial judge. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

## The neutral

The court's ADR staff appoints an ENE evaluator with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the evaluator if they perceive a conflict of interest.

All evaluators on the court's panel have the following qualifications:

- admission to the practice of law for at least 15 years
- experience with civil litigation in federal court
- expertise in the substantive law of the case
- training by the court

Many evaluators also have received the court's mediation training.

## Attendance

The following individuals are required to attend in person:

- clients with settlement authority and knowledge of the facts
- the lead trial attorney for each party
- insurers of parties, if their agreement would be necessary to achieve settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the ENE session.

10

**Confidentiality**

Communications made in connection with an ENE session ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

An ENE session may be requested at any time. The time for holding the ENE session is presumptively within 90 days after the referral to ENE, unless otherwise fixed by the court. The evaluator contacts counsel to schedule an initial telephone conference to set the date, time and location of the ENE session and to discuss how to maximize the utility of ENE.

**Written submissions**

Counsel exchange and submit written statements to the evaluator at least 10 days before the ENE session. ADR Local Rule 5-9 lists special requirements for intellectual property cases. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible, if the court has an available evaluator with the appropriate subject matter expertise. Cases with the following characteristics may be particularly appropriate:

- counsel or the parties are far apart on their view of the law and/or value of the case
- the case involves technical or specialized subject matter-and it is important to have a neutral with expertise in that subject
- case planning assistance would be useful
- communication across party lines (about merits or procedure) could be improved
- equitable relief is sought-if parties, with the aid of a neutral expert, might agree on the terms of an injunction or consent decree

**Cost**

The evaluator volunteers preparation time and the first four hours of the ENE session. After four hours of ENE, the evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the evaluator for additional time at an hourly rate of $200, to be split among the parties as they determine. The procedure continues only if all parties and the evaluator agree. After eight hours in one or more ENE sessions, if all parties agree, the evaluator may charge his or her hourly rate or such other rate that the parties agree to pay.

**Governing rule**

ADR Local Rule 5.

11

## Mediation

### Goal

The goal of mediation is to reach a mutually satisfactory agreement resolving all or part of the dispute by carefully exploring not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.

### Process

Mediation is a flexible, non-binding, confidential process in which a neutral lawyer-mediator facilitates settlement negotiations. The informal session typically begins with presentations of each side's view of the case, through counsel or clients. The mediator, who may meet with the parties in joint and separate sessions, works to:

- improve communication across party lines
- help parties clarify and communicate their interests and those of their opponent
- probe the strengths and weaknesses of each party's legal positions
- identify areas of agreement and help generate options for a mutually agreeable resolution

The mediator generally does not give an overall evaluation of the case. Mediation can extend beyond traditional settlement discussion to broaden the range of resolution options, often by exploring litigants' needs and interests that may be independent of the legal issues in controversy.

### Preservation of right to trial

The mediator has no power to impose settlement and does not attempt to coerce a party to accept any proposed term. The parties' discovery, disclosure and motion practice rights are fully preserved. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

### The neutral

The court's ADR staff appoints a mediator who is available and has no apparent conflicts of interest. The parties may object to the mediator if they perceive a conflict of interest. Most mediators on the court's panel are lawyers who have been admitted to practice for at least seven years. The panel also includes a few mediators who have other professional credentials. The court's ADR staff will appoint a non-lawyer mediator only after obtaining the parties' permission. All mediators on the court's panel have the following qualifications:

- experience in communication and negotiation techniques
- knowledge about civil litigation in federal court
- training by the court

**Attendance**

The following individuals are required to attend the mediation session:

- ▸ clients with settlement authority and knowledge of the facts
- ▸ the lead trial attorney for each party
- ▸ insurers of parties, if their agreement would be necessary to achieve a settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the mediation.

**Confidentiality**

Communications made in connection with a mediation ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the session, unless otherwise agreed.

**Timing**

A mediation may be requested at any time. The time for holding the mediation is presumptively within 90 days after the referral to mediation, unless otherwise fixed by the court. The mediator contacts counsel to schedule an initial telephone conference to set the date, time and location of the mediation session and to discuss how to maximize the utility of mediation.

**Written submission**

Counsel exchange and submit written statements to the mediator at least 10 days before the mediation. The mediator may request or accept additional confidential statements that are not shared with the other side. These statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- ▸ the parties desire a business-driven or other creative solution
- ▸ the parties may benefit from a continuing business or personal relationship
- ▸ multiple parties are involved
- ▸ equitable relief is sought-if parties, with the aid of a neutral, might agree on the terms of an injunction or consent decree
- ▸ communication appears to be a major barrier to resolving or advancing the case

**Cost**

The mediator volunteers preparation time and the first four hours of the mediation. After four hours of mediation, the mediator may either (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the mediator for additional time at an hourly rate of $200, to be split among the parties as they determine. The mediation continues only if all parties and the mediator agree. After eight hours in one or more mediation

13

sessions, if all parties agree, the mediator may charge his or her hourly rate or such other rate that the parties agree to pay.

## Governing rule
ADR Local Rule 6.

## Settlement Conferences

## Goal
The goal of a settlement conference is to facilitate the parties' efforts to negotiate a settlement of all or part of the dispute.

## Process
A judicial officer, usually a magistrate judge, helps the parties negotiate. Some settlement judges also use mediation techniques to improve communication among the parties, probe barriers to settlement and assist in formulating resolutions. Settlement judges might articulate views about the merits of the case or the relative strengths and weaknesses of the parties' legal positions. Often settlement judges meet with one side at a time, and some settlement judges rely primarily on meetings with counsel.

## Preservation of right to trial
The settlement judge has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track. The parties' formal discovery, disclosure and motion practice rights are fully preserved.

## The neutral
A magistrate judge or, in limited circumstances, a district judge conducts the settlement conference. The judge who would preside at trial does not conduct the settlement conference unless the parties stipulate in writing and the judge agrees. Parties may request a specific magistrate judge or rank several magistrate judges in order or preference. The court will attempt to accommodate such preferences.

Magistrate judges have standing orders setting forth their requirements for settlement conferences, including written statements and attendance. Questions about these issues should be directed to the chambers of the assigned magistrate judge.

## Attendance
Settlement judges' standing orders generally require the personal attendance of lead counsel and the parties. This requirement is waived only when it poses a substantial hardship, in which case the absent party is required to be available by telephone. Persons who attend the settlement conference are required to be thoroughly familiar with the case and to have authority to negotiate a settlement.

14

## Confidentiality

Communications made in connection with a settlement conference ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

## Timing

The assigned judge may refer a case to a magistrate judge for a settlement conference at any time. The timing of the settlement conference depends on the schedule of the assigned magistrate judge.

## Written submissions

Written settlement conference statements, when required, are submitted directly to the settlement judge. The statements are not filed with the court.

## Appropriate cases/circumstances

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- ▸ a client or attorney prefers to appear before a judicial officer
- ▸ issues of procedural law are especially important
- ▸ a party is not represented by counsel

## Cost

There is no charge to the litigants.

## Governing rule

ADR Local Rule 7.

## Other ADR Processes

## Customized ADR Processes

The court's ADR staff will work with parties to customize an ADR process to meet the needs of their case or to design an ADR process for them. An ADR staff member is available for a telephone conference with all counsel to discuss ADR options. Clients are invited to join such conferences.

## Non-binding Summary Bench or Jury Trial

The ADR staff can help parties structure a non-binding summary bench or jury trial under

ADR Local Rule 8-1(a). A summary bench or jury trial is a flexible, non-binding process designed to:

- promote settlement in complex, trial-ready cases headed for long trials
- provide an advisory verdict after an abbreviated presentation of evidence
- offer litigants a chance to ask questions and hear the reactions of the judge and/or jury
- trigger settlement negotiations based on the judge's or jury's non-binding verdict and reactions

## Special Masters

The assigned judge may appoint a special master, whose fee is paid by the parties, to serve a wide variety of functions, including:

- discovery manager
- fact-finder
- host of settlement negotiations
- post-judgment administrator or monitor

## Private ADR Providers

The court encourages parties to consider private sector ADR providers who offer services including arbitration, mediation, fact-finding, neutral evaluation and private judging. Private providers may be lawyers, law professors, retired judges or other professionals with expertise in dispute resolution techniques. They generally charge a fee.

16



# Which is the most suitable ADR process for my case?

Each ADR process meets different needs and circumstances. When selecting an ADR process, you should carefully consider the needs of your particular case or situation and identify the goals you hope to achieve through ADR. Then select the ADR process that appears to maximize the potential for achieving your goals.

The chart on the next page may help you select an ADR process. The chart summarizes the court's general observations about the major benefits of ADR and the extent to which the court's four major ADR processes are likely to accomplish them. These are generalizations that the court believes are accurate in many, but not all, cases. The likelihood that a particular ADR process will deliver a benefit depends not only on the type of process, but on numerous other factors including: the style of the neutral; the type and procedural posture of the case; and the parties' and counsel's attitudes and personalities, level of preparation, and experience with the particular ADR process. The court's ADR staff is available to help you select or customize an ADR process to meet your needs.

## What if I don't have a lawyer?

If you are not represented by a lawyer, the court suggests that you select the option of a magistrate judge settlement conference where your questions and concerns can be addressed directly by a judge who has experience working with unrepresented parties. Volunteer mediators, evaluators, and arbitrators, who take only a few cases each year, sometimes feel uncomfortable working with unrepresented parties, making it more difficult to place your case in these programs and potentially slowing down the process. If you do select mediation, ENE or non-binding arbitration and we are unable to find a suitable neutral, your case will be redirected to a settlement conference with a magistrate judge.

# How likely is each ADR Process to deliver the specific benefit?

● = Very likely        ◗ = Somewhat likely        ○ = Unlikely

| | Arbitration | ENE | Mediation | SC |
|---|---|---|---|---|
| **ENHANCE PARTY SATISFACTION** | | | | |
| Help settle all or part of dispute | ○[1] | ◗[2] | ● | ●[3] |
| Permit creative/business driven solution that court could not offer | ○ | ◗[2] | ● | ◗[3] |
| Preserve personal or business relationships | ○[1] | ◗[2] | ● | ◗[3] |
| Increase satisfaction and thus improve chance of lasting solution | ○[1] | ◗[2] | ● | ◗[3] |
| **ALLOW FLEXIBILITY, CONTROL AND PARTICIPATION** | | | | |
| Broaden the interests taken into consideration | N/A | ◗[2] | ● | ◗[3] |
| Protect confidentiality | ◗[4] | ● | ● | ● |
| Provide trial-like hearing | ● | N/A | N/A | N/A |
| Provide opportunity to appear before judicial officer | N/A | N/A | N/A | ● |
| **IMPROVE CASE MANAGEMENT** | | | | |
| Help parties agree on further conduct of the case | N/A | ● | ◗[5] | ◗[3] |
| Streamline discovery and motions | N/A | ● | ◗ | ◗[3] |
| Narrow issues and identify areas of agreement | N/A | ● | ●[5] | ● |
| Reach stipulations | N/A | ● | ◗[5] | ● |
| **IMPROVE UNDERSTANDING OF CASE** | | | | |
| Help get to core of case and sort out issues in dispute | ◗ | ● | ● | ● |
| Provide neutral evaluation of case | ● | ● | ○ | ◗[3] |
| Provide expert in subject matter | ◗[6] | ● | ◗[6] | ◗[6] |
| Help parties see strengths and weaknesses of positions | ● | ● | ● | ● |
| Permit direct and informal communication of clients' views | ○ | ◗ | ● | ○[3] |
| Provide opportunity to assess witness credibility and performance | ● | ◗[7] | ◗[7] | ○ |
| Help parties agree to an informal exchange of key information | ○ | ● | ◗[5] | ◗[3] |
| **REDUCE HOSTILITY** | | | | |
| Improve communications between parties/attorneys | ○[1] | ● | ● | ◗[3] |
| Decrease hostility | ○ | ● | ● | ◗[3] |

18

**Notes**

1. Arbitration may provide this benefit when the award triggers or contributes to settlement discussions.

2. ENE may provide this benefit when the parties use it for settlement discussions. Many of the court's ENE evaluators also have been trained as mediators.

3. Depending on the settlement judge's particular style, a settlement conference may or may not deliver this benefit.

4. The arbitration award may not be disclosed to the assigned trial judge until the action is terminated. Although the award is not admissible at a trial *de novo*, recorded communications made during the arbitration may be admissible for limited purposes.

5. Mediation may deliver this benefit, but it focuses primarily on settlement.

6. Depending on the subject of the dispute, the neutral may have expertise.

7. This benefit may result if the parties participate actively in the joint session.



# What else do I need to know?

## What is the ADR Multi-Option Program?

Most civil cases are assigned to the ADR Multi-Option program governed by ADR Local Rule 3. You will be notified of such assignment on the initial case management scheduling order. In this program, the parties are presumptively required to participate in one non-binding ADR process offered by the court or, with the assigned judge's permission, in an ADR process offered by a private provider.

We encourage you to discuss ADR with the other side and stipulate to an ADR process as early as feasible. If you do not stipulate early, you may be required to participate in a joint telephone conference with an ADR legal staff member to consider suitable ADR options for your case. *See* ADR Local Rule 3-5(c)(2). If you have not stipulated before your case management conference, you will discuss ADR with the judge who may refer you to one of the court's ADR processes.

## What is an ADR Phone Conference and how do I schedule one?

During an ADR Phone Conference, a member of the court's ADR legal staff will help counsel select or customize an ADR process that meets the needs of the parties. Clients are encouraged, but not required, to participate. Generally, if the parties cannot agree on an ADR process, or if they prefer a settlement conference, they must file a Notice of Need for ADR Phone Conference by the date specified in the initial case management scheduling order. *See* ADR Local 3-5(c)(2). Of course, you may contact the ADR Unit to schedule an ADR Phone Conference at any time.

## How do I get my case into an ADR process?

There are two ways cases can enter an ADR process:

**By stipulation/proposed order**
Counsel may file a stipulation and proposed order with the assigned judge. *See* ADR Local Rule 2-3.

20

**By other order of the court**

The assigned judge may order the case into an ADR program at the request of a party or on the judge's own initiative, subject to the provisions of 28 U.S.C. § 654. *See* ADR Local Rule 2-3.

## When can I get my case into an ADR process?

**At any time**

Counsel, individually or jointly, can request an ADR referral at any time. The court encourages the use of ADR as early as it can be helpful.

**Before the Case Management Conference**

If all parties agree on an ADR process before the initial Case Management Conference, which usually occurs about 90 days after filing, you should submit a stipulation and proposed order identifying the process selected and the time frame you prefer.

**At the Case Management Conference**

If all parties have not yet agreed on an ADR process before the initial case management conference, you will discuss ADR with the judge at the conference. You are asked to state your ADR preferences in the Joint Case Management Statement you file before that conference.

## When is the best time to use ADR and how much discovery should I first complete?

You should consider using ADR early, whether you are seeking assistance with settlement or case management. Conducting full-blown discovery before an ADR session may negate potential cost savings. If you are using ADR for settlement purposes, you should know enough about your case to assess its value and identify its major strengths and weaknesses.

## Will ADR affect the status of my case on the trial track or disclosure and discovery?

Assignment to an ADR process generally does not affect the status of your case in litigation. Disclosure, discovery and motions are not stayed during ADR proceedings unless the court orders otherwise. Judges sometimes postpone case management or status conferences until after the parties have had an ADR session. If your case does not settle through ADR, it remains on the litigation track.

# How might ADR be better than the parties meeting on their own?

### Getting settlement discussions started

Sometimes advocates are reluctant to initiate settlement discussions. The availability of multiple ADR options and the ADR staff allows a party to explore settlement potential without indicating any litigation weakness.

### Saving time and money

For various reasons, direct settlement discussions often do not occur until late in the lawsuit after much time and money have been spent. A substantial amount of time and money can be saved if parties actively explore settlement early in the pretrial period. An ADR process can provide a safe and early opportunity to discuss settlement.

### Providing momentum and a "back up"

Often parties successfully negotiate an early resolution to their dispute on their own. Even if you are negotiating a settlement without the assistance of a neutral, you should still consider having your case referred to an ADR process to use as a "back up" in the event the case does not settle. Meanwhile, knowing that you have a date for the ADR process may help provide momentum and a "deadline" for your direct settlement discussions.

### Overcoming obstacles to settlement

The adversarial nature of litigation often makes it difficult for counsel and parties to negotiate a settlement effectively. An ADR neutral can help overcome barriers to settlement by selectively using information from each side to:

- help parties engage in productive dialogue
- help each party understand the other side's views and interests
- communicate views or proposals in more palatable terms
- gauge the receptiveness to proposals
- help parties realistically assess their alternatives to settlement
- help generate creative solutions

### Improving case management

Discovery can be broad and expensive, and sometimes fails to focus on the most important issues in the case. An early meeting with a neutral such as an ENE evaluator may help parties agree to a focused, cost-effective discovery plan or may help them agree to exchange information informally.

# Won't I risk giving away my trial strategy in ADR?

About 98 percent of civil cases in our court are resolved without a trial. If you don't raise your best arguments in settlement discussions, you risk failing to achieve the best result for your side. Although you need not reveal in an ADR session sensitive information related to trial

22

strategy, you might find it useful to raise it in a confidential separate session with the neutral (available after the evaluator prepares the evaluation in ENE, or at any time in mediation or a settlement conference).  You can then hear the neutral's views of the significance of the information and whether or when sharing it with the other side may benefit you in the negotiations.



# Where can I get more information?

## Website

Our website at **www.adr.cand.uscourts.gov** contains information about the court's ADR Programs, including the contents of this ADR handbook, the ADR Local Rules, ADR Forms and an application to serve as a neutral.

## Clerk's Office

You may obtain copies of this handbook and the ADR Local Rules from the intake counter at each of the Clerk's Office locations. The phone numbers for the Clerk's Office locations in San Francisco, Oakland and San Jose are as follows:

- ▸ San Francisco:    (415) 522-2000
- ▸ Oakland:          (510) 637-3530
- ▸ San Jose:         (408) 535-5363

## Court Library

The court's library on the 18th floor of the Federal Building and United States Courthouse in San Francisco is open to counsel and clients who have cases pending before the court. The library has a collection of resources on ADR. The collection includes an "ENE Handbook," which was prepared by the court for evaluators, but which might be helpful to counsel and clients with cases in ENE. The library's telephone number is (415) 436-8130.

## ADR Unit

For information about selecting an ADR process or customizing one for your case, conflicts of interest, becoming a neutral or for other information, contact:

ADR Unit - U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102
Tel: (415) 522-2199
Fax: (415)522-4112
E-mail: ADR@cand.uscourts.gov
Internet: www.adr.cand.uscourts.gov

24

**INSTRUCTIONS FOR COMPLETION OF ADR FORMS
REGARDING SELECTION OF AN ADR PROCESS
(ADR LOCAL RULE 3-5)**

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process. By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL." Please note that this form need not be filed jointly by all parties. Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

Rev. 12/05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CASE NO.

Plaintiff(s),

v.

NOTICE OF NEED FOR ADR PHONE
CONFERENCE

Defendant(s).

_____/

Counsel report that they have met and conferred regarding ADR and that they:

      have not yet reached an agreement to an ADR process
      request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|------|--------------------|-----------|----------------|
|      |                    |           |                |
|      |                    |           |                |
|      |                    |           |                |
|      |                    |           |                |

*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference.*

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

Rev 12.05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | CASE NO. |
| v. | STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS |
| Defendant(s). | |

_____/

Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
Non-binding Arbitration (ADR L.R. 4)
Early Neutral Evaluation (ENE)   (ADR L.R. 5)
Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR, must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**
Private ADR *(please identify process and provider)* _____

The parties agree to hold the ADR session by:
the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered. )*

other requested deadline _____

Dated:_____                    _____
                                                           Attorney for Plaintiff

Dated:_____                    _____
                                                           Attorney for Defendant

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:

Non-binding Arbitration
Early Neutral Evaluation (ENE)
Mediation
Private ADR

Deadline for ADR session
90 days from the date of this order.
other

IT IS SO ORDERED.

Dated:_____

_____

UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA


|                         | Case No.                              |
| Plaintiff(s),           |                                       |
|                         | ADR CERTIFICATION BY PARTIES          |
|                         | AND COUNSEL                           |
| v.                      |                                       |
| Defendant(s).           |                                       |

_____/


Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

**(1)** Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of California*" on the Court's ADR Internet site www.adr.cand.uscourts.gov  *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

**(2)** Discussed the available dispute resolution options provided by the Court and private entities; and

**(3)** Considered whether this case might benefit from any of the available dispute resolution options.


Dated:_____                              _____
                                                 [Party]


Dated: _____                              _____
                                                 [Counsel]

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as   (B) _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) _____.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

    If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request Is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.


_____
Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff


A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,

(CAPTION OF ACTION)

which is case number _____ in the United States District Court

(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days

after _____ ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                          (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____

(TITLE)                              (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

E-filing

ADR

United States District Court

For the Northern District of California

1
2
3
4
5
6      UNITED STATES DISTRICT COURT
7      NORTHERN DISTRICT OF CALIFORNIA
8
9    ,                                No. C  C07-05741    EMC
10           Plaintiff(s),            **CONSENT TO PROCEED BEFORE A**
                                      **UNITED STATES MAGISTRATE JUDGE**
11       v.
12   ,
13           Defendant(s).
14   _____/
15       CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
16          In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party
17   hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further
18   proceedings in the case, including trial, and order the entry of a final judgment.  Appeal from the
19   judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.
20
21   Dated: _____          _____
22                                        Signature
23                                        Counsel for _____
                                          (Plaintiff, Defendant or indicate "pro se")
24
25
26
27
28

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C **C07-05741** EMC

_____,

Plaintiff(s),

v.

_____,

Defendant(s).

_____/

**DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____          Signature _____

                                        Counsel for _____
                                        (Plaintiff, Defendant, or indicate "pro se")

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.    Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.    This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.    The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.    In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.    The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.    The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.    The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.    Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.    Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.    Proofs of service should be attached to the back of documents. If submitted
separately, you must attach a pleading page to the front of the document showing
case number and case caption.

11.    There are no filing fees once a case has been opened.

12.    New cases must be accompanied by a completed and signed Civil Cover Sheet, the
filing fee or fee waiver request form and an original plus **two** copies of the
complaint and any other documents. For Intellectual Property cases, please
provide an original plus **three** copies of the <u>complaint</u>. Please present new cases
for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.    Copies of forms may be obtained at no charge. They may be picked up in person
from the Clerk's Office forms cabinet or with a written request accompanied by an
appropriate sized, stamped, self-addressed envelope for return. In addition, copies
of the Local Rules may be obtained, free of charge, in the Clerk's Office or by
sending a written request, along with a self-addressed, 10" x 14" return envelope,
stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate
Avenue, 16th Floor, San Francisco, CA 94102.

14.    Two computer terminals which allow public access to case dockets and one
terminal with information regarding files at the Federal Records Center (FRC) are
located in the reception area of the Clerk's Office. Written instructions are posted
by the terminals. Outside of the Clerk's Office, electronic access to dockets is
available through PACER. To obtain information or to register call 1-800-676-
6851.

15.    A file viewing room is located adjacent to the reception area. Files may be viewed
in this area after signing the log sheet and presenting identification. Files are to be
returned by <u>**1:00 pm**</u> Under no circumstances are files to be removed from the
viewing room.

16.    The Clerk's Office can only accept payment by <u>**exact change or check**</u> made
payable to Clerk, U.S. District Court. No change can be made for fees or the
public copy machine.

17.    Two pay copy machines are located in the file viewing room for public use, at
fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the
first floor. Orders for copywork may be placed through Eddie's Document
Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a
personal copier by calling the Clerk's Office in advance.

18.    We have a drop box for filing when the Clerk's Office is closed. Please see
attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

E-filing

1  MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
Tel:  650.843.4000
4  Fax:  650.843.4001
E-mail:  mriechert@morganlewis.com
5
Attorneys for Defendants
6  BEST BUY STORES, L.P. AND
BEST BUY, CO., INC.
7

ORIGINAL
FILED
NOV 13 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                OAKLAND DIVISION

11

12  SCOTT BRYNING,                      Case No. C07-05741 EMC

13              Plaintiff,

14        vs.                          **DEFENDANTS' CERTIFICATION OF
                                       INTERESTED PARTIES**

15  BEST BUY, CO., INC., a Minnesota
Corporation doing business in California as
16  MN BEST BUY CO., INC.; BEST BUY
STORES, L.P., a Virginia Limited
17  Partnership, and DOES 1 through 20,
inclusive,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' CERTIFICATION OF
INTERESTED PARTIES
Case No. _____

Pursuant to Rule 3-16 of the Local Civil Rules for the United States District Court for the Northern District of California, the undersigned, counsel of record for Defendants hereby certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities: (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal:

1.    BBC Property Co. is the general partner of and owns a 1% interest in Best Buy Stores, L.P.

2.    BBC Investment Co. is the limited partner of and owns a 99% interest in Best Buy Stores, L.P.

3.    BBC Property Co. and BBC Investment Co. are owned by Best Buy Co., Inc.

4.    Best Buy Co., Inc. through its ownership of the above named partnerships owns more than 10% of Best Buy Stores, L.P.

5.    Best Buy Co., Inc. does not have a parent corporation

Dated: November 12, 2007                    MORGAN, LEWIS & BOCKIUS LLP

By _Melinda Riechert_____
Melinda S. Riechert
Attorneys for Defendants
BEST BUY STORES, L.P. AND
BEST BUY, CO., INC.

DEFENDANTS' CERTIFICATION OF
INTERESTED PARTIES
Case No. _____ ___ ____

1   MELINDA S. RIECHERT, State Bar No. 65504            **E-filing**
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
4   Fax:  650.843.4001
    E-mail:  mriechert@morganlewis.com

5
    Attorneys for Defendants
6   BEST BUY STORES, L.P. AND
    BEST BUY, CO., INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA            4 D R

10                    OAKLAND DIVISION

11                                          C07-05741 MC

12  SCOTT BRYNING,                Case No. _____

13              Plaintiff,        **DEFENDANTS' DISCLOSURE**
                                  **STATEMENT PURSUANT TO F.R.C.P. 7.1**
14         vs.
                                  Date of Filing:  September 17, 2007
15  BEST BUY, CO., INC., a Minnesota
    Corporation doing business in California as
16  MN BEST BUY CO., INC.; BEST BUY
    STORES, L.P., a Virginia Limited
17  Partnership, and DOES 1 through 20,
    inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

ORGAN, LEWIS &
BOCKIUS LLP
TTORNEYS AT LAW
PALO ALTO

DEFENDANTS' DISCLOSURE
                                              STATEMENT PURSUANT TO F.R.C.P. 7.1
                                                    Case No. _____

1         Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for Best Buy

2    Stores, L.P. and Best Buy, Co., Inc., Defendants in the above-entitled action, hereby represents

3    that Best Buy Stores, L.P. is owned by BBC Property Co. and BBC Investment Co., who are, in

4    turn, owned by Best Buy Co., Inc.  Best Buy Co., Inc., through its ownership of the above-named

5    partnerships, owns more than 10% of Best Buy Stores, L.P.  Best Buy Co., Inc. does not have a

6    parent corporation.  No publicly held corporation owns ten percent (10%) or more of Best Buy

7    Co., Inc.'s stock.

8

9    Dated: November 12, 2007               MORGAN, LEWIS & BOCKIUS LLP

10

11                          By _____

12                            Melinda S. Riechert
                         Attorneys for Defendants

13                            BEST BUY STORES, L.P. AND
                         BEST BUY, CO., INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AN, LEWIS &
RIUS LLP
AT LAW

1-PA/3673583.1                     1                         DEFENDANTS' DISCLOSURE
STATEMENT PURSUANT TO F.R.C.P. 7.1
Case No. _____

E-filing

ORIGINAL
FILED

NOV 1 3

RICHARD W.
CLERK U.S. DIST
NORTHERN DIST
OAKLAND

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
4   Fax: 650.843.4001
    E-mail: mriechert@morganlewis.com
5
    Attorneys for Defendant
6   BEST BUY STORES, L.P. and BEST BUY CO.
    INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11                                          C07-05741   EMC

12   SCOTT BRYNING,                    Case No. _____

13              Plaintiff,

14        vs.                          NOTICE OF RELATED CASES

15   BEST BUY, CO., INC., a Minnesota
     Corporation doing business in California as
16   MN BEST BUY CO., INC.; BEST BUY
     STORES, L.P., a Virginia Limited
17   Partnership, and DOES 1 through 20,
     inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

ADR

RGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3671667.1

NOTICE OF RELATED CASES
(Case No. _____)

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that pursuant to Local Rule 3-12, Defendants Best Buy Stores, L.P. and Best Buy, Co., Inc. hereby submit that they are not aware of any previously filed or pending related cases in the Federal Courts.

Dated: November __9__, 2007                    MORGAN, LEWIS & BOCKIUS LLP


By _____
Melinda S. Riechert

Attorneys for Defendant
BEST BUY STORES, L.P. and BEST BUY CO. INC.

ORGAN, LEWIS &
BOCKIUS LLP
TTORNEYS AT LAW
PALO ALTO

1-PA/3671667.1                    1                    NOTICE OF RELATED CASES
                                                      (Case No. _____)