```
 1  MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
 2  2 Palo Alto Square
    3000 El Camino Real, Suite 700
 3  Palo Alto, CA 94306-2122
    Tel: 650.843.4000
 4  Fax: 650.843.4001
    E-mail: mriechert@morganlewis.com
 5
    Attorneys for Defendants
 6  BEST BUY STORES, L.P. and
    BEST BUY CO., INC.
 7
    WILLIAM F. ADAMS, State Bar No. 65005
 8  WILLIAM F. ADAMS LAW OFFICES
    4305 Hacienda Drive, Suite 370
 9  Pleasanton, CA 94588
    Tel: 925.734.0800
10  Fax: 925.734.0807

11  Attorneys for Plaintiff
    SCOTT BRYNING
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BRYNING,<br><br>            Plaintiff,<br><br>vs.<br><br>BEST BUY, CO., INC., a Minnesota Corporation doing business in California as MN BEST BUY CO., INC.; BEST BUY STORES, L.P., a Virginia Limited Partnership, and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. C 07-05741 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

     Plaintiff SCOTT BRYNING ("Plaintiff") and Defendants BEST BUY, CO., INC. and BEST BUY STORES, L.P. (collectively "Defendants") jointly submit this Joint Case Management Statement and Proposed Order.

**JURISDICTION AND SERVICE**

     This Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3690679.4

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT
Case No. C 07-05741 JSW

1441, as this case was removed from state court on the ground of diversity of citizenship. Plaintiff Scott Bryning, at the time this action commenced, was and still is a resident of Alameda County, California. None of the limited or general partners of Defendant Best Buy Stores, L.P. are citizens of California. Defendant Best Buy Co. Inc. was and still is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

Defendants have been served. No issues exist with regard to jurisdiction or venue.

## DESCRIPTION OF THE CASE

Best Buy employed Plaintiff at their Dublin, California store from 2003 to 2006. After Plaintiff's termination, Plaintiff filed this action against Defendants in Alameda County Superior Court on September 17, 2007, alleging the following causes of action: (1) tortious invasion of constitutional privacy rights, and (2) tortious discharge in violation of public policy. Defendants removed this action to this Court based on diversity of citizenship on November 13, 2007.

Plaintiff alleges the following brief facts of the case:

> that he was falsely "reassured" by Defendants that they were only interested in learning what he might know about any thefts from certain locked cabinets. In order to encourage him to speak freely, they told him that anything he might discuss with them would not be held against him. They also told him if he withheld any information that they requested from them that he would be terminated.
>
> Defendants using forceful and deceptive techniques then gathered personal or private information about plaintiff's activities, relationships, and associations at and away from work. The so-called investigators, despite a lack of evidence to suggest any wrongdoing by plaintiff, conducted two unreasonably long coercive interrogations of plaintiff amounting to approximately 4 ½ hours over a period of two days. In the course of those interrogations plaintiff was baselessly accused of "grand theft," and he was threatened to be "put in jail for fraud." All along, the

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3690679.4

2

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C 07-05741 JSW

so-called investigators knew that plaintiff had no key or other means of accessing the locked cabinets where the alleged theft or thefts occurred. Further, there was also never any factual basis for suggesting that plaintiff could somehow gain access to the locked areas by any fraudulent means. At one point in the first day of interrogation Mr. Martinez (whom plaintiff knew to be an ex-police officer) used an upper body feint with his fists raised in pugilistic fashion with a punch directed toward plaintiff that was pulled at the last second before it would have struck plaintiff. This action was intended and did create a fear in plaintiff that then or at any moment thereafter he would or could be the victim of actual punching Martinez.

Defendants then false publicized to his former co-workers that the plaintiff had been terminated for "theft." These actions were in direct violation of Defendant's internal personnel policies that called for strict non-dissemination of employee performance and disciplinary information. The informational areas of Defendants' intrusion into Plaintiff's private matters and activities, together with the widespread dissemination of personal information concerning the Plaintiff portraying him in a false light fall well within the zones of informational and associational privacy protected by the Constitution in Article I, section 1. Since defendants knew from the outset that there was no "theft ring," the so-called "investigation" was nothing more than a witch hunt that was crudely and outrageously conducted by means of physical and mental intimidation.

Defendants deny Plaintiff's allegations. Best Buy denies that it engaged in any improper investigative techniques and further denies that it falsely publicized Plaintiff to his co-workers. Best Buy asserts that it terminated Plaintiff because he installed an override switch on a mobile video in-dash system in a vehicle so that it could be viewed while the vehicle was not in park.

**PRINCIPAL FACTUAL ISSUES IN DISPUTE**

(a)    Whether Best Buy improperly pried into Plaintiff's personal life or Plaintiff's

personal relationships both at work and away from work without justification;

(b) Whether Best Buy improperly disclosed private and/or false information about Plaintiff to individuals who did not have any reason to know the information;

(c) Whether Best Buy wrongfully terminated Plaintiff's employment;

(d) Whether Plaintiff was damaged by Defendants' conduct;

(e) The amount of damages, if any, suffered by Plaintiff as a result of Defendant's conduct;

(f) Whether Plaintiff has properly mitigated his damages;

(g) Whether Defendants' conduct was malicious, fraudulent, or oppressive.

### PRINCIPAL LEGAL ISSUES IN DISPUTE

(a) Whether Best Buy tortiously violated Plaintiff's constitutional privacy rights and/or other privacy tort laws;

(b) Whether Best Buy tortiously discharged Plaintiff in violation of a fundamental public policy.

### MOTIONS

**(a) Plaintiff's Anticipated Motions**

Plaintiff Bryning is unaware of any dispositive motions at this time without having engaged in any discovery in the case.

**(b) Defendants' Anticipated Motions**

Defendants anticipate filing a Motion for Summary Judgment. Best Buy, Co., Inc. anticipates filing a Rule 21 motion to request the Court to dismiss Defendant Best Buy, Co., Inc., which is an improperly-named defendant. Best Buy, Co., Inc. will meet and confer with Plaintiff before filing the Rule 21 motion to determine if Best Buy, Co., Inc. can be dismissed through stipulation rather than a motion.

### AMENDMENT OF PLEADINGS

The parties do not anticipate amending the pleadings, without having engaged in discovery.

### EVIDENCE PRESERVATION

Defendants agree to preserve evidence relevant to this case.

## DISCLOSURES

The parties intend to make their initial disclosures pursuant to Federal Rule of Civil Procedure 26 by March 14, 2008.

## DISCOVERY

Both parties intend to propound written discovery, including interrogatories, requests for admission, and requests for production of documents. Both parties also intend to take depositions. A proposed schedule for discovery follows below.

## CLASS ACTIONS

This case is not a class action.

## RELATED CASES

There are no known related cases pending in this Court.

## RELIEF

Plaintiff seeks general and special damages for lost income, lost value of employee benefits, and diminished value of future employment opportunities, emotional distress, punitive damages, costs of suit, attorneys' fees, interest, and other relief as the Court may deem just and proper.

## SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

After meeting and conferring, the parties are unable to agree on a form of ADR. Parties have submitted a Notice of Need for ADR Phone Conference, pursuant to Local Rule 16-8(c)(2). The ADR Phone Conference is scheduled for February 27, 2008 at 2:00 p.m.

Defendants are willing to engage in Early Neutral Evaluation, while Plaintiff proposes mediation together with having the mediator provide his/her "evaluation." The plaintiff's reason for not agreeing to ENE is that he has just turned 21 and cannot afford to take time off work for ENE which has little or no potential for resolving the case. Since both parties are required to attend ENE or mediation and the preliminary phone call and briefing submissions are the same, the plaintiff requests that the Court order the parties to participate in the Court's mediation program, with a request that the mediator also provide an informal evaluation for the parties

within the time-frame allotted.

Defendants oppose Plaintiff's request for mediation because Defendants are not in a position to discuss settlement of this case, and want an evaluation by a neutral evaluator.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendants decline to proceed before a United States Magistrate Judge.

## OTHER REFERENCES

This action is not suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

Defendants do not presently believe it is possible to narrow issues by agreement. Plaintiff believes it may be possible through meet and confer efforts to stipulate to certain facts which may expedite the presentation of evidence at trial.

## EXPEDITED SCHEDULE

Plaintiff believes that it may be possible through stipulations of facts in the case to have the case prepared for trial on an expedited schedule. Defendants are willing to try this case on an expedited schedule. The parties proposed schedule follows.

## SCHEDULING

The parties request the following schedule:

(a) Non-Expert Discovery to be completed by June 1, 2008.

(b) Dispositive Motions to be heard by July 1, 2008.

(c) Expert Disclosures to be made by July 15, 2008.

(d) Expert Discovery to be completed by August 18, 2008

(d) Pretrial Conference to be conducted on or about September 15, 2008.

(e) Trial requested on or about October 5, 2008.

## TRIAL

The parties request a trial date of October 5, 2008. Plaintiff has submitted a request for a jury trial. Plaintiff estimates the length of trial to be 5-8 days.

Defendants request a bench trial. Defendants estimate the trial will take 3-5 days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants represent that Best Buy Stores, L.P. is owned by BBC Property Co. and BBC Investment Co., who are, in turn, owned by Best Buy Co., Inc. Best Buy Co., Inc., through its ownership of the above-named partnerships, owns more than 10% of Best Buy Stores, L.P.

Defendants are not aware at this time of any other persons, associations, firms, partnerships, corporations, or other entities that have either (1) a financial interest in the subject matter at issue or in a party to the proceeding, or (2) any kind of interest that could substantially affect the outcome of the proceeding.

## OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated: 2/22/08

Melinda Riechert / SDC
Melinda Riechert, Attorney for Defendants
BEST BUY, CO., INC. and BEST BUY STORES, L.P.

Dated: _____

William F. Adams, Attorney for Plaintiff
SCOTT BRYNING

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Date: _____

HON. JUDGE JEFFREY S. WHITE
U.S. District Court Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3690679.4         7         JOINT CASE MANAGEMENT CONFERENCE
                                 STATEMENT
                                 Case No. C 07-05741 JSW