1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.4001
   E-mail: mriechert@morganlewis.com
5
   Attorneys for Defendants
6  BEST BUY STORES, L.P. and
   BEST BUY CO., INC.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 SCOTT BRYNING,                    Case No. C 07-05741 JSW

12              Plaintiff,           **DEFENDANT BEST BUY STORES, L.P.'S MOTION TO EXTEND DATE OF**
13       vs.                         **HEARING ON DISPOSITIVE MOTIONS**

14 BEST BUY, CO., INC., a Minnesota
   Corporation doing business in California as
15 MN BEST BUY CO., INC.; BEST BUY
   STORES, L.P., a Virginia Limited
16 Partnership, and DOES 1 through 20,
   inclusive,
17
                Defendants.
18

---

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3707376.2

DEFENDANT'S MOTION TO EXTEND
DATE OF HEARING ON DISPOSITIVE
MOTIONS – Case No. C 07-05741 JSW

## I. INTRODUCTION

For three months Defendant Best Buy Stores, L.P. ("Defendant") has been trying to schedule a date for Plaintiff's deposition, but Plaintiff has refused to provide a date. Defendant has also been trying to schedule a date for the Court-Ordered Early Neutral Evaluation (ENE), but Plaintiff has failed to provide a date. Plaintiff has now obtained an extension of the discovery cutoff. While Defendant does not oppose the extension granted by this Court, Defendant does request: (1) the Court to order an extension of the hearing date for dispositive motions to August 15, 2008, to allow the parties sufficient time after the close of discovery to file a motion for summary judgment; (2) the Court to order Plaintiff to provide a date for his deposition prior to the ENE, so that Defendant can adequately prepare for the ENE; (3) the Court to order Plaintiff to provide a mutually agreeable date for the ENE to occur before June 30, 2008, to ensure that ADR would be completed before Defendant would have to file motion for summary judgment.

## II. ARGUMENT

### A. The Court Should Order An Extension Of The Deadline To Hear The Summary Judgment Motions To August 15, 2008, To Allow The Parties Sufficient Time After The Close Of Discovery To File A Motion For Summary Judgment.

The extension of the discovery cut-off to June 30, 2008 will significantly prejudice Defendant, unless the Court also grants an extension of the deadline to hear dispositive motions from July 11, 2008 to August 15, 2008. If the Court hears dispositive motions on July 11, 2008, pursuant to the Court's Order Scheduling Trial and Pretrial Matters ("Order"), then Defendant would have to file a motion for summary judgment before the discovery cut-off (by June 6, 2008). The parties may discover additional evidence after Defendant files a motion for summary judgment. Thus, Defendant requests this Court to extend the hearing on dispositive motions to August 15, 2008, to allow parties to complete discovery before the deadline for a motion for summary judgment.

As noted by Plaintiff's counsel in his declaration in support of Plaintiff's request to extend the non-expert discovery cutoff, Plaintiff had previously agreed to Defendant's request to extend the hearing on dispositive motions to August 8, 2008. Defendant had made that request expecting

the discovery cut-off to be extended to June 20, 2008. If the discovery cut-off had been extended only to June 20, 2008, Defendant would have had until July 4, 2008, or 2 weeks after the discovery cut-off, to file a motion for summary judgment.

However, since the Court has granted Plaintiff's request to extend discovery to June 30, 2008, Defendant would still be significantly prejudiced if the hearing on dispositive motions was extended only to August 8, 2008. If this Court were to hear the motion on August 8, 2008, Defendant must file the motion for summary judgment by July 4, 2008, giving Defendants less than 4 days to prepare its motion following the discovery cut-off of June 30, 2008. Thus, Defendant requests this Court to extend the hearing on dispositive motions to August 15, 2008, thereby allowing the parties sufficient time after discovery closes to submit dispositive motions.

**B. The Court Should Order Plaintiff To Provide A Date For His Deposition Prior To The ENE So That Defendant Can Adequately Prepare For The ENE.**

Defendant's counsel has been trying to schedule a date for Plaintiff's deposition for the last three months. On February 15, 2008 and later on February 18, 2008, Defendant's counsel requested Plaintiff's counsel to provide dates when Plaintiff was available for his deposition. Declaration of Shilpa Doshi ("Decl."), ¶¶ 2-3. After Plaintiff's counsel failed to provide Defendant's counsel with any specific dates, Defendant's counsel noticed Plaintiff's deposition for March 4, 2008. Decl., ¶ 4. Plaintiff's counsel refused to have Plaintiff appear on that date. Decl., ¶ 5. At the initial Case Management Conference, this Court took the deposition date off calendar and ordered the parties to meet and confer in person about mutually-agreeable dates for depositions of both parties. Plaintiff's counsel agreed to meet with Defendant's counsel in person at the offices of Defendant's counsel. However, he never did so.

Defendant's counsel continued to request dates from Plaintiff's counsel to schedule Plaintiff's deposition. Although Plaintiff's counsel had previously suggested the deposition could occur in April 2008, Plaintiff's counsel did not provide any specific dates. Decl., ¶ 5. Defendant's counsel requested Plaintiff's counsel provide dates for Plaintiff's deposition on April 14, 18, and 30, 2008, without success. Decl., ¶¶ 6, 7, 9. Since Defendant's counsel was again unable to obtain any specific dates from Plaintiff's counsel, Defendant's counsel noticed

Plaintiff's deposition for May 28, 2008. Decl., ¶ 13. Plaintiff's counsel has since informed Defendant's counsel that he is unavailable on this date, but has failed to provide any alternative dates. Decl., ¶ 16. On May 16 and May 21, 2008, Defendant's counsel again requested Plaintiff's counsel provide a date when Plaintiff could appear for his deposition, but again Plaintiff's counsel has not provided any specific dates. Decl., ¶¶ 17, 23.

Accordingly, the Court should order Plaintiff to provide a date for his deposition prior to the ENE in this case, so that Defendant can adequately prepare for the ENE.

### C. The Court Should Order Plaintiff To Provide A Mutually Agreeable Date For The ENE To Occur Before June 30, 2008, To Ensure That ADR Would Be Completed Before Defendant Would Have To File A Motion For Summary Judgment.

This Court ordered the parties to complete ADR by June 30, 2008. The Early Neutral Evaluation was initially scheduled for May 9, 2008. Prior to this date, the parties began discussing a possible settlement of the case, and thus agreed to postpone the ENE to allow for continued negotiations. Decl., ¶¶ 8-9. The evaluator offered to reschedule the ENE for June 12, 2008, but Plaintiff's counsel was unavailable during the time the evaluator was available. Decl., ¶¶ 11-12. Defendant's counsel has subsequently offered Plaintiff numerous dates in June when Defendant is available for the rescheduled ENE, and requested Plaintiff's counsel choose a date he was available. Decl., ¶ 13. Plaintiff's counsel has yet to provide a date he is available for the court-ordered ENE. *See* Decl., ¶¶ 15, 17, 23.

Accordingly, the Court should order Plaintiff to provide a mutually agreeable date for the ENE prior to June 30, 2008.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court to: (1) enter an order extending the deadline to hear dispositive motions to August 15, 2008, (2) order Plaintiff to provide a date he will appear for the ENE before June 30, 2008, and (4) order Plaintiff to provide

/ / /

/ / /

/ / /

1  Defendant with a date he will appear for his deposition before the ENE.

2

3  Dated: May 27, 2008                              MORGAN, LEWIS & BOCKIUS LLP

4

5                                                   By _____/s/_____
                                                        Melinda S. Riechert
6                                                       Attorneys for Defendant
                                                        BEST BUY STORES, L.P.
7

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3707376.2                    4                DEFENDANT'S MOTION TO EXTEND
                                                   DATE OF HEARING ON DISPOSITIVE
                                                   MOTIONS – Case No. C 07-05741 JSW