MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: mriechert@morganlewis.com

Attorneys for Defendants
BEST BUY STORES, L.P. and
BEST BUY CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BRYNING,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY, CO., INC., a Minnesota Corporation doing business in California as MN BEST BUY CO., INC.; BEST BUY STORES, L.P., a Virginia Limited Partnership, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 07-05741 JSW<br><br>**DECLARATION OF SHILPA DOSHI IN SUPPORT OF DEFENDANT BEST BUY STORES, L.P.'S MOTION TO EXTEND DATE OF HEARING ON DISPOSITIVE MOTIONS** |

I, Shilpa Doshi, declare and state as follows:

1. I am an associate at Morgan Lewis & Bockius, counsel of record to Defendants BEST BUY STORES, L.P. and BEST BUY CO., INC. I am licensed to practice law in the State of California. I have direct and personal knowledge of the facts set forth in my Declaration and, if called and sworn as a witness, I would competently testify to these facts:

2. On February 15, 2008, I sent an e-mail to Plaintiff's counsel requesting dates when Plaintiff was available for a deposition in March or April. In response, Plaintiff's counsel suggested April may work for Plaintiff, but did not provide me with any specific dates that Plaintiff would be available.

3. On February 18, 2008, I sent an e-mail to Plaintiff's counsel asking for exact dates

1 when Plaintiff was available for his deposition.

2  4.  On February 20, 2008, my office served by mail a Notice of Deposition for Plaintiff, with a deposition date of March 4, 2008.

5.  On February 22, 2008, I received an e-mail from Plaintiff's counsel stating that Plaintiff's deposition would not go forward on March 4, 2008. In a separate e-mail on the same day, Plaintiff's counsel stated that depositions could not start until April.

6.  On April 14, 2008, I sent an e-mail to Plaintiff's counsel requesting dates when Plaintiff was available for his deposition. I also asked if the ENE could be moved to May 12, 2008, from the presently scheduled date of May 9, 2008, due to the defense's main witness being unavailable on May 9, 2008. On April 15, 2008, I received an e-mail from Plaintiff's counsel stating that they would get back to me the following day.

7.  On April 18, 2008, I sent an e-mail to Plaintiff's counsel to requesting dates when Plaintiff was available for his deposition. On April 21, 2008, I received an e-mail from Plaintiff's counsel stating they would get back to me on that day after 4:00 p.m.

8.  On April 30, 2008, I received an e-mail from Plaintiff's counsel offering to line up dates for depositions after the Early Neutral Evaluation ("ENE") occurred, but no specific dates were provided. Plaintiff's counsel also mentioned moving the ENE date after May 12, 2008 to allow for possible informal resolution of the case.

9.  On April 30, 2008, I sent an e-mail to Plaintiff's counsel explaining that Defendant wanted to depose Plaintiff before the ENE occurred, and I requested Plaintiff's counsel to inform me of Plaintiff's availability for a deposition. I also offered twelve dates that Defendant was available for the ENE in June, and ten dates in May when Defendant was available for depositions.

10.  On May 2, 2008, Plaintiff's counsel informed me which dates he would be available for the ENE in June. On May 5, 2008, Plaintiff's counsel confirmed four dates (June 11, 12, 25, 26) that he could be available for the ENE, and requested that the ENE be held in the afternoon rather than the morning.

11.  On May 5, 2008, I sent an e-mail to the evaluator to request that the ENE be

1  postponed to allow time for negotiations for an informal resolution of the case. I provided the
2  evaluator with the four dates in June that both parties were available, and informed the evaluator
3  that Plaintiff's counsel would prefer to hold the ENE in the afternoon. On May 5, 2008, the
4  evaluator informed the parties he could be available on June 11, 2008, or on June 12, 2008 until
5  2:00 p.m.

6      12. On May 5, 2008, I asked Plaintiff's counsel if we could request the evaluator to
7  schedule the ENE for June 12, 2008. Plaintiff's counsel suggested asking the evaluator for a one
8  or two hour timeslot in the afternoon, but I responded that the ENE probably could not finish that
9  quickly. Since the parties did not agree on the time, I e-mailed the evaluator on May 6, 2008, to
10 inform him that defense counsel would prefer to hold the ENE on June 12, 2008. On the same
11 day, Plaintiff's counsel e-mailed the evaluator to request a one or two hour period for the ENE,
12 starting in the afternoon of June 12, 2008. The evaluator responded that he doubted the ENE
13 could be completed within an hour and suggested the parties determine another acceptable date.

14     13. On May 7, 2008, my office served by mail a Notice of Deposition for Plaintiff,
15 with a deposition date of May 28, 2008. Along with the Notice, my office sent a letter to
16 Plaintiff's counsel explaining that counsel could provide us with alternate dates for Plaintiff's
17 deposition if May 28, 2008 was inconvenient. In the letter, we also stated we were available for
18 the ENE anytime in June except June 11, and requested Plaintiff's counsel to determine a date he
19 and the evaluator were both available.

20     14. On May 14, 2008, I received an e-mail from Plaintiff's counsel asking if
21 Defendant would oppose a motion to extend the non-expert discovery cut-off to June 13, 2008.

22     15. On May 15, 2008, I sent an e-mail to Plaintiff's counsel explaining Defendant's
23 concern about extending the discovery cut-off to June 13, 2008 because the deadline for filing a
24 motion for summary judgment was June 6, 2008. I explained that discovery needed to be
25 completed before the motion for summary judgment would be filed. I stated in the e-mail that
26 Defendant would not oppose the extension of the discovery cut-off to June 13, 2008 if: (1)
27 Plaintiff's counsel prepared the motion to extend the discovery cut-off to June 13, 2008 and also
28 to extend the hearing on the motion for summary judgment to August 1, 2008; (2) Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3707377.1      3      DECLARATION OF S. DOSHI ISO DEF'S
MOTION TO EXTEND DATE OF HEARING
Case No. C 07-05741 JSW

counsel confirmed that Plaintiff would appear for his deposition, which was noticed for May 28, 2008; and (3) the parties agreed on a date for the ENE to occur before June 13, 2008.

16. On May 16, 2008, I received an e-mail from Plaintiff's counsel stating that they would not agree to having Plaintiff's deposition take place in May because of prior commitments, but would make Plaintiff available before the discovery cut-off of June 13, 2008. The e-mail also stated that Plaintiff's counsel did not object to the August 1, 2008 date for a hearing on the motion for summary judgment. Plaintiff's counsel suggested submitting a motion for the discovery cut-off to be moved to June 13, 2008, and the hearing on summary judgment to be moved to August 1, 2008.

17. On May 16, 2008, I sent an e-mail to Plaintiff's counsel agreeing to Plaintiff's counsel's proposal, but explained that Defendant still wanted to finalize the date for Plaintiff's deposition and the ENE. I requested Plaintiff's counsel to provide a date when Plaintiff was available for his deposition. I also asked Plaintiff's counsel to determine a date he was available for the ENE.

18. On May 19, 2008, I received an e-mail from Plaintiff's counsel stating that the Honorable Jeffrey S. White would be unavailable on August 1, 2008.

19. On May 19, 2008, I asked Plaintiff's counsel to request in the motion a date of August 8, 2008 for the hearing on the motion for summary judgment. Since this was an extension of one week from the original date of August 1, 2008, I informed Plaintiff's counsel that we would agree to extend the date for the discovery cut-off by one week as well.

20. On May 19, 2008, Plaintiff's counsel sent me an e-mail stating that Defendant was asking for a one-month extension for the hearing on summary judgment (from July 11 to August 8), and requested the discovery cut-off to be extended to June 30, 2008 (from June 1).

21. On May 19, 2008, I sent an e-mail to Plaintiff's counsel stating that Defendant's understanding was that the parties would ask the Court to extend the discovery cut-off to June 13, 2008, and the hearing on the summary judgment motion to August 1, 2008. I stated in my e-mail that Defendant was only adding a week to the requested hearing date because Judge White was unavailable on August 1, 2008, and thus Plaintiff should also only add one week to his requested

1  date of June 13, 2008, which would make the requested discovery cut-off date June 20, 2008.

2      22.    On May 19, 2008, I received an e-mail from Plaintiff's counsel stating that Plaintiff would need the extra time and would submit the request on their own.

    23.    On May 21, 2008, I requested Plaintiff's counsel to provide dates for Plaintiff's deposition and the ENE. Plaintiff's counsel responded that they were waiting for the Court's decision on their request to extend the discovery cut-off.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of May 2008, at Palo Alto, California.

_____
Shilpa Doshi