William F. Adams, State Bar No. 65005
WILLIAM F. ADAMS LAW OFFICES
4305 Hacienda Drive, Suite 370
Pleasanton, CA 94588
(925) 734-0800
(925) 734-0807 (fax)
e-mail: wfadams@hotmail.com

Attorneys for Plaintiff
SCOTT BRYNING

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT BRYNING, | CASE NO. 3:07-cv-05741-JSW |
| Plaintiff, | DECLARATION OF WILLIAM F. ADAMS IN SUPPORT OF OPPOSITION TO DEFENDANT S MOTION TO EXTEND DEADLINE AND ORDER PLAINTIFF S DEPOSITION PRIOR TO ADR (ENE/MEDIATION) |
| v. | |
| BEST BUY CO., INC., a Minnesota Corporation doing business in California as MN BEST BUY CO., INC.; BEST BUY STORES, L.P., a Virginia Limited Partnership, and DOES 1 through 20, inclusive, | Honorable Jeffrey S. White |
| Defendants. | |

I, William F. Adams, do hereby state and declare as follows:

1. I am the attorney for the plaintiff SCOTT BRYNING in the within action.

2. The defendant has mischaracterized our communications in its filing with the Court. The reason that the plaintiff s (and defendant s) depositions have *both* been delayed is that the parties have been actively engaged for an extended period of time in the ADR process informally. As I explained to counsel, in my opinion the more time that the plaintiff and I spend attending the formal ADR ENE/mediation in San Francisco and preparing and traveling for that, as well as discovery, including the plaintiff s and defendant s witness depositions, the

Decl. WFA support Opposition to Defendant s Motion to Extend Deadline, order Depo priority

more difficult it will be to resolve this matter informally.

3. The plaintiff has thus delayed his deposition to assist in resolving this matter informally and has delayed taking the defendant's witness depositions. The plaintiff has made clear his intention to appear for deposition prior to the non-expert discovery deadline and that he would set a date after the Court ruled on the plaintiff's request to extend the non-expert discovery deadline, which just occurred.

4. The plaintiff respectfully requests that the Court *not* order his deposition to precede the Court-ordered ADR (ENE/mediation) date because in my view it will only make it more difficult to resolve the matter during the Court-ordered ADR (ENE/mediation). The defendant is required to have its representative in attendance at ADR and thus will be able to meet the plaintiff and find out all about his case informally at ADR. Thus, his deposition prior to ADR is not a stumbling block, but will only serve (in my view) to harden the plaintiff's position and decrease the likelihood of success at ADR. In addition, the defendant has requested, and the plaintiff granted an extension of time for it to respond to plaintiff's first set of written discovery (interrogatories and documents) which is currently due on June 13, 2008.

4. ADR will take place either on June 12, 2008, or June 17, 2008, dates the ADR evaluator has available. The plaintiff's request to set aside 1-2 hours was in order to not incur additional expense and fall under the Court's complimentary program.

5. The plaintiff requests that the Court order the plaintiff's deposition to take place in Alameda County, where the plaintiff resides and works and where the cause of action commenced and the Best Buy store is located where the plaintiff had worked. The plaintiff is a young man in his 20s and will need to miss a day's work to attend a deposition in Palo Alto or San Francisco. If the deposition is conducted locally, he could adjust his hours so he does not miss a full day of work.

6. I apologize to the Court and opposing counsel for my tardy opposition. I had not been expecting the defendant to do more than request an extension until August 8, 2008, as we previously discussed, and had not expected to have to prepare and file an opposition. I have been in Los Angeles in deposition preparing for trial in July, as I previously informed the

1 | Court. This has made it difficult to review or handle any matters that are not emergencies.

2 | 7.   The plaintiff respectfully submits his request through my declaration that his deposition
3 | not be ordered to take place prior to ADR; and that the Court order that his deposition take
4 | place at a mutually agreeable place and date within Alameda County. The plaintiff also agrees
5 | to extend the defendant s time for a hearing for summary judgment through August 8, 2008.

6 | 8.   I agreed to the defendant s request that the plaintiff move its deadline for a summary
7 | judgment hearing from July 11, 2008, to August 1, 2008. My paralegal pointed out that
8 | August 1, 2008, was not an available date on the assigned Judge s calendar (Judge White) to
9 | the defendant s counsel. We then agreed to August 8, 2008, I cannot agree to an extension
10 | to August 15, 2008, because I plan to take a vacation that week after being in trial the month
11 | of July, which is something I could have pointed out to defendant s counsel had she requested
12 | my agreement in advance of her court filing.

13 | I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 3, 2008           By:_____
                                    William F. Adams
                                    Attorneys for Plaintiff SCOTT BRYNING