IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT BRYNING,

    Plaintiff,

v.

BEST BUY, CO. INC.,

    Defendant.
_____/

No. C 07-05741 JSW

**ORDER GRANTING ADMINISTRATIVE MOTION TO CONTINUE DEADLINE FOR HEARING DISPOSITIVE MOTIONS AND VACATING PRETRIAL AND TRIAL DATE**

This matter comes before the Court upon consideration of Defendants' motion to continue the deadline for hearing dispositive motions. Having considered Defendants' motion, Plaintiff's opposition thereto, and the record in this case, the Court finds good cause to grant the request.[1] The deadline for hearing dispositive motions is extended from July 11, 2008, through August 29, 2008. Because the parties' pretrial conference is set for September 15, 2008, and under this Court's Guidelines for Civil Jury Trials the parties must begin exchanging pretrial materials thirty days in advance of the pretrial conference, the Court VACATES the current pretrial and trial dates. The Court shall reset these dates at the dispositive motions hearing.

It is FURTHER ORDERED that Defendants' requests pertaining to discovery shall not be considered at this time, because under this Court's Standing Order 7:

> All other requests for discovery relief must be summarized jointly by the parties in a *joint* letter brief no longer than four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred in person and must concisely summarize those remaining issues that counsel were unable to resolve. The joint letter brief may cite

---

[1] The Court accepts Plaintiff's belated filing.

to limited and specific legal authority only for resolution of dispositive issues. The joint letter brief may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached. The Court will then advise the parties if additional briefing or a telephonic conference will be necessary.

Accordingly, the parties shall meet and confer on the issues raised in Defendants' motion with respect to the timing of Plaintiff's deposition. If they are unable to resolve their dispute, they shall present the dispute to the Court in compliance with Standing Order 7. The request regarding an order for an ADR date is deemed moot, in light of Plaintiff's representation that ENE will take place before June 30, 2008.

**IT IS SO ORDERED.**

Dated: June 3, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2